**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mitchell E. BIVENS, Defendant–Appellant.**

No. 00–5828.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

### ORDER

Mitchell E. Bivens, a federal prisoner, appeals the sentence imposed upon his

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

conviction for manufacturing and possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possessing equipment, chemicals, etc. to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6).

Bivens pleaded guilty to the above offenses on October 22, 1999, pursuant to a written plea agreement. Neither party filed objections to the presentence investigation report (PSR) which calculated the guideline range of imprisonment as 100 to 125 months, based on a drug quantity of 314.9 grams of methamphetamine mixture, a total offense level of 25, and a criminal history category of V. At sentencing, the district court imposed a sentence of 120 months in prison, 3 years of supervised release, and a special assessment of $200.

Bivens's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised one issue: whether the district court erred by sentencing Bivens near the upper end of the guideline range when his criminal history was over-represented and other mitigating factors were present. Bivens has filed a response, arguing that his indictment was defective because it did not indicate a quantity of methamphetamine and that his base offense level violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Upon review, we grant counsel's motion to withdraw because counsel has filed an

acceptable *Anders* brief that raises the only issue determined to be arguable.

 We conclude that the issue raised by counsel lacks merit. The sentencing court has complete discretion to select the appropriate sentence from within the guideline range, and "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *Williams v. United States*, 503 U.S. 193, 205, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (quoting *Solem v. Helm*, 463 U.S. 277, 290 n. 16, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). Thus, the district court did not err by rejecting Bivens's request for a sentence at the low end of the guidelines.

Bivens's pro se issues lack merit as well. Bivens did not raise these arguments below. Therefore, he has forfeited his right to raise them on appeal and this court will review them only for plain error. *See Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

In *Apprendi*, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Thus, where drug quantity determines the statutory minimum or maximum sentence, such as for violations of § 841(a), drug quantity must be submitted to the jury and proved beyond a reasonable doubt. *United States v. Ramirez*, 242 F.3d 348, 351–52 (6th Cir.2001). If a jury convicts a defendant of violating § 841(a)(1), but does not find that the defendant possessed the minimum amounts required to qualify for the higher statutory sentencing ranges set forth at § 841(b)(1)(A) or § 841(b)(1)(B), then the defendant must be sentenced within the lowest statutory range. *Ramirez*, 242

F.3d at 352. However, the Supreme Court in *Apprendi* specifically declined to decide whether an indictment had to refer to the sentencing enhancement factor and this court likewise has not yet reached the issue. 530 U.S. at 477 n. 3; *United States v. Stafford*, 258 F.3d 465, 476–77 n. 7 (6th Cir.2001).

 The court need not reach the issue here. Even if Bivens's indictment should have included a drug quantity, this possible error did not affect Bivens's substantial rights. At the plea hearing, Bivens was advised that the § 841(a)(1) charge carried no mandatory minimum penalty and that the maximum term of incarceration for the § 841(a)(1) charge was not more than 20 years. This is the lowest statutory sentencing range for methamphetamine and is set forth at § 841(b)(1)(C). The PSR also emphasized this point by expressly citing to the penalty provision at § 841(b)(1)(C). Bivens's 120–month sentence lies in the mid-point of the statutory range, well below the statutory maximum, and does not violate *Apprendi*.

 Neither does Bivens's offense level violate *Apprendi*. This court recently held that *"Apprendi* does not purport to apply to penalties in excess of any particular range or based on any offense level under the Sentencing Guidelines." *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir.2001).

We have reviewed the record for other possible issues which would merit review and have found none.

Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.