*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0043P (6th Cir.)
File Name: 01a0043p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee,*

    *v.*

No. 98-6130

JOSE RAMIREZ, SR.,
     *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 96-00146—Robert L. Echols, Chief District Judge.

Argued: October 31, 2000

Decided and Filed: February 16, 2001

Before: MERRITT and SILER, Circuit Judges; SARGUS,
District Judge.[*]

—————————————

## COUNSEL

**ARGUED:** Gerald L. Gulley, Jr., BAKER, GULLEY,
REPASS & OLDHAM, Knoxville, Tennessee, for Appellant.
Jonathan L. Marcus, UNITED STATES DEPARTMENT OF

---

[*]The Honorable Edmund P. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

JUSTICE, APPELLATE SECTION, CRIMINAL DIVISION, Washington, D.C., for Appellee. **ON BRIEF:** Gerald L. Gulley, Jr., BAKER, GULLEY, REPASS & OLDHAM, Knoxville, Tennessee, for Appellant. Jonathan L. Marcus, UNITED STATES DEPARTMENT OF JUSTICE, APPELLATE SECTION, CRIMINAL DIVISION, Washington, D.C., Robert C. Anderson, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

MERRITT, J., delivered the opinion of the court, in which SARGUS, D. J., joined. SILER, J. (pp. 8-9), delivered a separate concurring opinion.

------------

**OPINION**

------------

MERRITT, Circuit Judge. This published opinion sets forth the court's ruling as to defendant Jose Ramirez Sr.'s final claim, that his sentence is unconstitutional in light of *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). For the reasons set forth below, we reverse his sentence and remand it to the district court for re-sentencing proceedings consistent with this opinion. Our decision concerning Ramirez Sr. and co-defendant Angel Anguiano's other appeals can be found in the unpublished opinion for case no. 98-5605.

I.

Under current criminal law, a defendant's rights to notice by indictment of the crime charged, trial by jury, proof beyond a reasonable doubt, and confrontation of witnesses turn on whether particular conduct is categorized as an "element of the offense" or as merely "a sentencing factor." *See*, *e.g.*, *United States v. Castillo*, 530 U.S. 120, 120 S.Ct. 2090 (2000) (holding that the use of a "machinegun" in the commission of a violent crime is an element of a separate, aggravated crime, not a sentencing factor"), *United States v. Gaudin*, 515 U.S. 506, 510 (1995) (a criminal defendant is

entitled to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt"), *McMillan v. Pennsylvania*, 477 U.S. 79 (1986) (affirming Pennsylvania statute requiring that sentencing factors need only be established by a preponderance of the evidence). Following Congress's creation of the U.S. Sentencing Guidelines and the U.S. Supreme Court's decisions in *Mistretta v. United States*, 109 S.Ct. 647 (1989) (affirming the constitutionality of the U.S. Sentencing Guidelines) and *McMillan*, 477 U.S. 79 (1986), there has been a significant amount of judicial confusion concerning when certain facts should be considered an "element of the offense" and when they should be considered mere "sentencing factors." *See*, *e.g.*, *Castillo,* 120 S.Ct. at 2092 (noting the disagreement among the U.S. Courts of Appeals on the question of whether possession of a machinegun should be considered a sentencing factor or an element of a separate, aggravated offense). In the recent case of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (June 26, 2000), the Supreme Court took an initial step to clarify the boundary between what is an "element of the offense" and what is a "sentencing factor." The basic holding of *Apprendi* is twofold: *first*, that courts must count any "fact" that increases the "penalty beyond the prescribed statutory maximum" as an element of the offense "except for one important exception," *i.e.*, "the fact of a prior conviction;" and *second*, that it "is unconstitutional for a legislature" to treat "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" as mere sentencing factors, rather than facts to be established as elements of the offense. The question before us in this direct criminal appeal is how *Apprendi* applies to the various increases in penalties, particularly mandatory minimum penalties, imposed by the multi-layered sections and subsections of the federal drug statute set out in 21 U.S.C. § 841.

The indictment against the defendant charged him in general language in the first count with a conspiracy to distribute cocaine and in the second count with an attempt to possess cocaine with the intent to distribute. Neither count

specified the amount of cocaine involved or any other facts regarding the drug crime. After a jury trial, District Judge Echols, in a well-reasoned statement based on the sentencing rules then applicable, sentenced the defendant to a mandatory minimum sentence of 20 years because he found the quantity of cocaine involved was greater than 5 kilograms — in this case, 10 kilograms — and that the defendant had a prior drug conviction.[1] The applicable drug statute (21 U.S.C. § 841(b)(1)(A)) provides for a mandatory minimum sentence of 20 years if the offense involves 5 kilograms or more of cocaine and the defendant has a prior drug conviction. The statute in the next subsection (§ 841(b)(1)(B)) provides for a lower mandatory minimum of ten years if the offense involves less than 5 kilos but more than 500 grams and the defendant has a prior drug conviction. The next subsection (§ 841(b)(1)(C)) does not provide any mandatory minimum sentence under the same circumstances if the amount proved is less than the drug quantities listed in the two preceding subsections.

In explaining why he was required to sentence Ramirez Sr. to the twenty year minimum sentence, Judge Echols said that he was required by the statute to impose a 20 year mandatory minimum sentence, but that:

> [If the court] had determined that it had any legal basis for a downward departure in this case, it would have done so. The court does not believe that the harsh sentence imposed in this case meets the demands of justice, but it does meet the requirements of Congress.

In *Apprendi* the defendant was charged and pled guilty to only a firearms offense (possession of a firearm for an unlawful purpose) which carried a maximum sentence of ten years. The state trial judge, however, followed a New Jersey

---

[1]Ramirez had previously been convicted of Sale or Transportation of a Controlled Substance in Los Angeles, CA Superior Court. He was sentenced to three years of probation on the condition that the first 365 days be spent in the county jail.

dissent in *Apprendi* raised the question as to whether the *Apprendi* decision overruled *McMillan*, *Apprendi*, 120 S. Ct. at 2385-86, the majority opinion categorically stated:

> We do not overrule *McMillan*. We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict - a limitation identified in the *McMillan* opinion itself.

*Id.* at 2361 n.13.

Two other circuits have held that the *Apprendi* rule does not apply to the determination of quantity of drugs in order to trigger the statutory minimum sentences. See *United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000) (per curiam) ("we hold that a fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt"); and *United States v. Aguayo-Delgado*, 220 F.3d 926, 934 (8th Cir. 2000) ("Those [statutory] minimums, because they are within the statutory range authorized by § 841(b)(1)(C) without reference to drug quantity, are permissible under *Apprendi* and *McMillan* even where the drug quantity was not charged in the indictment or found by the jury. . . .").

---

### CONCURRENCE

---

SILER, Circuit Judge, concurring. I concur in the decision because, after the oral argument in this case, another panel decided *United States v. Flowal*, 234 F.3d 932 (6th Cir. 2000). Therefore, we cannot overrule the decision of another panel. See *Salmi v. Sec'y of Health and Human Serv.*, 774 F.2d 685, 689 (6th Cir. 1985). Nevertheless, I write this concurrence to question whether *Apprendi v. New Jersey*, ___ U.S. ___, 120 S. Ct. 2348 (2000), is as far-reaching as we determine in this case, following *Flowal*.

*Apprendi* did not concern a mandatory minimum sentence, as in the case at bar. Its holding is:

Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Id.* at 2362-63. See *United States v. Munoz,* 233 F.3d 410, 2000 WL 1738693 (6th Cir. Nov. 27, 2000) (holding defendant's sentence was not invalid under *Apprendi* because he received a sentence less than the maximum statutory penalty); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000) (holding *Apprendi* is not triggered when defendants were sentenced within the prescribed maximum terms before factoring in any enhancing provisions).

The case that is similar to our case at bar is *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), which involved a state sentencing practice in Pennsylvania whereby persons convicted of certain felonies would be subject to a mandatory minimum penalty of five years imprisonment if the court found, by a preponderance of the evidence, that the person visibly possessed a firearm in the course of committing one of those specified felonies. *Id.* at 81-82. The Court found that such a procedure did not violate the Constitution. When the

statute on "sentencing factors" and sentenced the defendant to 20 years because the trial judge found as a fact that the defendant had used the firearm for the purpose of "racial intimidation." As per New Jersey law, this "sentencing factor" needed only to be based on a judicial finding that the government had proved this fact by a preponderance of the evidence. The Supreme Court, in a clear opinion by Justice Stevens, held that the resulting sentence was illegal under the Due Process Clause because this judicial finding transformed the crime to which the defendant had plead guilty (possession of a firearm), into a greater crime (use of a firearm for racial intimidation) for purposes of sentencing. The Court made a number of significant points, including:

1. The offense charged in an indictment must be stated with sufficient "certainty and precision" so "that there can be no doubt as to the judgment which should be given if the defendant is convicted." *Id.* at 2356 (quoting from J. Archbold, Pleading and Evidence in Criminal Cases 44 (15th ed. 1862)).

2. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362-63.

3. "It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the *prescribed range of penalties* to which a criminal defendant is exposed." *Id.* at 2363 (quoting from *Jones v. United States*, 526 U.S. 227 (1999) (emphasis added).

The narrow question before us in the instant case is whether the rights discussed in *Apprendi* are triggered by the drug statute's progression of increased mandatory minimum penalties based in part on the quantity of drugs possessed. We recently decided this issue in *United States v. Flowal*, 2000 WL 1808565 (6th Cir. Dec. 11, 2000), a drug case in which the Court, in an opinion by Judge Thomas A. Wiseman, held that "because the amount of drugs determined the appropriate statutory punishment, a jury should have

determined the weight of the drugs beyond a reasonable doubt." In response to the government's argument that "the penalty imposed in this case does not exceed the 'prescribed statutory maximum,'" Judge Wiseman stated that there is a substantial difference in penalty based on drug quantities when a statute moves the penalty from a maximum penalty of 20 or 30 years or life to a mandatory minimum penalty of the same length because a life sentence "is not mandatory under the latter provision. This difference is significant in this case because the trial judge's determination of the weight of the drugs took away any discretion in terms of imposing a shorter sentence." *Flowal*, 2000 WL 1808565 at 4.

Another way of stating the same point in the language of *Apprendi* is to say that "the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed," such as moving up the scale of mandatory minimum sentences, invokes the full range of constitutional protections required for "elements of the crime."

The reasoning of *Apprendi* as explained by Judge Wiseman is applicable to the instant case. Here Judge Echols believed that under the law existing prior to *Apprendi* and *Flowal* drug weight was merely a sentencing factor and that a finding of 10 kilos required a 20-year minimum sentence, but under *Apprendi*, this view is no longer possible. Aggravating factors, other than a prior conviction, that increase the penalty from a nonmandatory minimum sentence to a mandatory minimum sentence, or from a lesser to a greater minimum sentence, are now elements of the crime to be charged and proved. From a practical perspective, this means that when a defendant is found guilty of violating 21 U.S.C. § 841(a)(1), he must be sentenced under 21 U.S.C. § 841(b)(1)(C) unless the jury has found beyond a reasonable doubt that the defendant possessed the minimum amounts required by

§ 841(b)(1)(A) and § 841(b)(1)(B).[2] Because in this case the government did not charge or attempt to prove to the jury a quantity of drugs that would permit a mandatory sentence, we remand this case to the District Court with instructions to sentence the defendant under 21 U.S.C. § 841(b)(1)(C) and in accordance with the U.S. Sentencing Guidelines.

---

[2]This instruction specifically does not cover drug conspiracies exclusively involving Marihuana, which are governed by 21 U.S.C. § 841(b)(1)(D).