**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald Anthony WHITE, Defendant–Appellant.**

**No. 00–2300.**

United States Court of Appeals, Sixth Circuit.

Aug. 27, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

*ORDER*

Ronald Anthony White, a federal prisoner, appeals a district court judgment imposed following his guilty plea to four counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White was named, along with 11 codefendants, in a 39–count superseding indictment. White himself was charged with the four counts described above and one count of conspiracy to distribute cocaine base. He pleaded guilty on June 12, 2000, pursuant to a written plea agreement. That agreement provided that, in return

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

for White's guilty pleas to the four substantive counts, the government would recommend dismissal of the conspiracy count, would recommend the lowest sentence in the applicable guideline range, and would use good faith in determining whether to file a motion for downward departure under USSG § 5K1.1. The government subsequently moved for a downward departure of three levels due to White's substantial assistance. On September 28, 2000, court's recent opinion in *United States v. Strayhorn,* 250 F.3d 462 (6th Cir.2001), does not require a different result. That opinion confirmed the principle that, "pursuant to *Apprendi,* ... the government must name in the indictment the quantity of drugs for which it seeks to hold the defendant responsible under 21 U.S.C. § 841(a), and ... the determination of drug quantity under § 841(b) must, when it subjects the defendant to an enhanced sentence, be considered an element of the offense rather than a sentencing factor." *Id.* at 467–68 (citing *United States v. Ramirez,* 242 F.3d 348, 350–51 (6th Cir. 2001)). The original indictment in White's case specifically stated the drug quantity charged in each substantive count. Those specific quantities were omitted from the superseding indictment, but the specific subsection of § 841(b) under which each count was brought was retained, thus clearly notifying White of the potential sentence under each count to which he pleaded guilty.

Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on October 2, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.