UNITED STATES of America,
Plaintiff–Appellee,

v.

Lazaro DELGADO (Case No. 00–5312)
and Yovany Rojas (Case No. 00–
5363), Defendants–Appellants.

No. 00–5312, 00–5363.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before KENNEDY, GUY, and BOGGS,
Circuit Judges.

These are two direct appeals from judg-ments in criminal prosecutions that have been consolidated for disposition. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argu-ment is not needed. Fed. R.App. P. 34(a).

On July 1, 1999, a superseding indict-ment named Lazaro Delgado, Yovany Ro-jas, and two other individuals in connection with a cocaine acquisition and distribution scheme. Delgado, Rojas and one of the

other defendants were subsequently tried to a jury. The jury found Delgado and Rojas guilty of conspiracy to possess with intent to distribute a schedule II substance (cocaine), in violation of 21 U.S.C. § 846, and possession of a schedule II substance (cocaine) with intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The jury additionally found Delgado guilty of committing an unlawful monetary transaction, in violation of 18 U.S.C. § 1957, and laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The district court sentenced Delgado to a total term of imprisonment of 188 months to be followed by a five year period of supervised release. The court sentenced Rojas to a 121 month term of imprisonment and a four year period of supervised release. These appeals followed.

Counsel for Delgado and Rojas separately filed motions to withdraw from this appeal and "no merit" briefs pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Delgado and Rojas were served with the respective motions and briefs and were invited to respond. *See Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir.1988). They both expressed the opinion that their sentences were invalid in light of the recent decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Their attorneys have briefed this latter issue and counsel for the government has responded.

On April 20, 1999, police officers in Lexington, Kentucky, executed a search warrant at the home of Allen Lawrence, Jr., after an earlier discovery of cocaine residue in Lawrence's trash. The officers found Lawrence and another individual, Danny Young, at the residence. The search yielded five kilograms of cocaine, crack cocaine, several firearms (including a machine gun and silencer), $23,000 in cash and coolers that had the sides hollowed out. Lawrence admitted that the drugs and machine gun were his property, that he and Young were friends, and that he (Lawrence) had distributed approximately forty kilograms of cocaine in Lexington during the preceding eight months. Parked outside Lawrence's residence was an automobile rented to Lazaro Delgado and officers found paper with Delgado's name and telephone number in Lawrence's bedroom.

The officers completed their search of Lawrence's residence, then turned their attention to Delgado. Officers located Delgado's residence in an apartment building and set up a surveillance of the building. One of the officers, in an effort to elicit a response from Delgado, placed a telephone call to Delgado in which the officer stated that "AJ" (an apparent reference to Lawrence) had been arrested. Shortly thereafter, officers observed Rojas drive up to Delgado's apartment building, enter, leave carrying a package of some kind, then drive away. Other officers effected a traffic stop of Rojas and found over $48,000 in cash and one of the hollowed out coolers containing four kilograms of cocaine. Under questioning at the traffic stop, Rojas admitted to having just come from Delgado's apartment. Delgado was subsequently apprehended when he attempted to gain access to a safety deposit box in which law enforcement officers found $26,000.

Prosecutors obtained an indictment, then a superseding indictment, against the four individuals identified above. The counts relevant to their consolidated appeals are Counts One and Six, counts in which both Delgado and Rojas are said to have been involved in cocaine possession and distribution. Delgado and Rojas were specifically charged in Count One with intentionally possessing "with intent to dis-

tribute in excess of five kilograms of a mixture or substance containing a detectable amount of cocaine ... in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846." The pair were also charged in Count Six with aiding and abetting one another in the knowing and intentional possession "with intent to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of cocaine ... all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2."

The evidence adduced at trial included the accounts set forth above as well as other testimony. Specifically, Rojas asserted at trial that Delgado had asked him to take away the cooler (with the contraband) and other items when he made his last visit to Delgado's apartment. In addition, indicted co-conspirator Danny Young testified at trial that he made at least one trip with Delgado to Miami, Florida, to pick up a "substantial" amount of cocaine for Lawrence. Young also noted that Delgado assisted Lawrence in counting the cash proceeds from the cocaine transactions and that, on one occasion, Young saw somewhere between three and five kilograms of cocaine in Lawrence's house.

The jury heard this, and other, testimony and rendered a verdict finding Delgado guilty of four counts of the indictment and Rojas guilty of two counts. The form of the verdicts is important to the present consolidated appeals. The verdict for each defendant begins with this sentence: "WE, THE JURY, find the defendant, [DELGADO or ROJAS], as to the charges contained in the indictment." This declaration is followed by checkmarks in the GUILTY column next to "Count 1, 6, 10 & 11" for Delgado and "Count 1 & 6" for Rojas. In addition, the written instructions of record shows that the jurors were

plainly charged with finding beyond a reasonable doubt that the object of the Count I conspiracy was an agreement to traffic in a "detectable amount of cocaine."

The matter proceeded to sentencing. The only aspect of the final judgment relevant to these appeals is the length of the prison terms imposed by the district court. The court ordered Delgado to serve concurrent 188 month prison terms for Counts One and Six to be followed by five year periods of supervised release. The court also ordered concurrent 120 month prison terms for Counts Ten and Eleven with three year periods of supervised release. Delgado's total prison time was therefore set at 188 months. Rojas received concurrent 121 month prison terms for Counts One and Six to be followed by concurrent four year periods of supervised release.

Counsel for Delgado and Rojas initially set forth one arguable issue for review in furtherance of their duty under *Anders,* namely, sufficiency of the evidence, while conceding its lack of merit. When reviewing a sufficiency challenge, this court must determine whether, after viewing the evidence of record in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ A cursory review of the evidence viewed in a light most favorable to the prosecution shows that the convictions of Delgado and Rojas are supported by sufficient evidence. The jury was presented with testimony (as summarized above) that both defendants were embroiled in a scheme to acquire and distribute significant quantities of cocaine. The jury also heard that Delgado had an additional role in transporting, handling, and storing thousands of dollars in United States currency. The evidence adduced clearly supports the jury's finding that both defen-

dants were guilty of the charges brought against them.

Delgado and Rojas filed briefs in their own behalf in which they insisted that the sentences they received for their cocaine-based convictions are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Court announced a new constitutional rule of criminal procedure by holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348. "Despite what appears to us the clear 'elemental' nature of the factor here, the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494, 120 S.Ct. 2348 (footnote omitted). The defendants did not raise timely objections on the *Apprendi* issue, and therefore this court reviews their *Apprendi* claims for plain error. *United States v. Page,* 232 F.3d 536, 543–544 (6th Cir.2000). The four prongs of plain error review are: 1) there must be an error; 2) the error must be plain; 3) the error must affect the defendant's substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ An examination of the record in the appeals at bar shows that neither of the sentences constituted plain error under *Apprendi.* The verdict forms show that the jury found the defendants guilty of, at a minimum, Count One of the superseding indictment. Review of the written jury instructions for Count I reflects that the jurors were unequivocally instructed to find beyond a reasonable doubt that the defendants conspired to traffic in a "detectable amount of cocaine." The court sentenced Delgado and Rojas to prison terms of 188 months and 121 months, respectively. Each of these prison terms is less than the "default" twenty year sentence of 21 U.S.C. § 841(b)(1)(C) for a crime involving an unspecified amount of cocaine. This court thus concludes that the sentences in the present appeals do not run afoul of *Apprendi* even if we conclude that the jury did not determine the exact drug quantity involved under the reasonable doubt standard. *See United States v. Ramirez,* 242 F.3d 348, 352 (6th Cir.2001). These consolidated appeals lack merit.

Accordingly, the motions to withdraw representation are granted and the district court's judgments are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.