**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James GILMORE, Defendant–**
**Appellant.**

**No. 00–5709.**

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

*ORDER*

James Gilmore pleaded guilty to carjacking, kidnapping, and carrying, using or brandishing a firearm during a crime of violence. *See* 18 U.S.C. §§ 924(c), 1201 *and* 2119. On January 14, 2000, he was sentenced to 355 months of imprisonment and four years of supervised release. It is from this judgment that Gilmore now ap-

peals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Gilmore argues that his firearm conviction violated *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the sentencing court assumed that he had brandished a firearm, as required for a mandatory minimum sentence of seven years under § 924(c)(1)(A)(ii). He concedes that this claim is reviewed for plain error because it was not raised in the district court. *See United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998).

Our court has applied an *Apprendi* analysis to statutorily mandated minimum sentences, as well as to statutory maximums. *See, e.g., United States v. Ramirez*, 242 F.3d 348, 351–52 (6th Cir.2001). Nevertheless, Gilmore's argument lacks merit because the brandishing factor was charged in his indictment and because he acknowledged a sufficient factual basis for applying that factor when he entered his guilty plea.

█ The indictment expressly charged Gilmore with violating § 924(c), by knowingly using, carrying and brandishing a firearm during a carjacking. The district court determined that he understood this charge before it accepted his plea. It also advised him that the minimum sentence for a first-time violator of this offense would be "not less than seven years." Gilmore subsequently acknowledged a sufficient factual basis for his guilty plea, which included an admission that he had struck the victim in the head with a pistol. Moreover, it is clear that the district court did not feel constrained by the seven-year minimum since it imposed a seventeen-year sentence on the firearm charge. Under these circumstances, we conclude that Gilmore's firearm conviction did not violate

the procedural safeguards that were outlined in *Apprendi*. *See United States v. Garcia*, 252 F.3d 838, 843–44 (6th Cir. 2001); *United States v. Harper*, 246 F.3d 520, 530–31 (6th Cir.2001).

Gilmore also argues that the district court abused its discretion by refusing to depart downward from the applicable guideline range under USSG § 5K2.13, in light of his diminished mental capacity. However, he did not file any relevant objections to the presentence report or argue for a downward departure at sentencing. Thus, Gilmore has forfeited this claim in the absence of plain error that affects his substantial rights. *See Koeberlein*, 161 F.3d at 949.

█ The district court did not commit plain error here, as a downward departure is not allowed for diminished capacity, when "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." USSG § 5K2.13(2) (1999). There is also no indication that the sentencing judge was unaware of her discretion to grant a downward departure in appropriate cases. Her decision not to exercise that discretion here is not reviewable on appeal. *See United States v. Henderson*, 209 F.3d 614, 618 (6th Cir. 2000); *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995).

Accordingly, the district court's judgment is affirmed.