**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sirica BUMPUSS, Defendant–Appellant.**

No. 00–5873.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

This is a direct appeal from a judgment and commitment order in a criminal prosecution. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 11, 2000, Sirica Bumpuss was accused in a four count indictment of having committed drug and firearm crimes in Chattanooga, Tennessee. Bumpuss eventually entered into a conditional plea agreement to two of the counts. The district court accepted the plea and found Bumpuss guilty of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The court sentenced Bumpuss to an aggregate 180 month term of imprisonment with a five year period of supervised release.

On December 17, 1999, a citizen approached three Chattanooga police officers at approximately 11:30 p.m. and told them

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

of her suspicion that someone had broken in to the residence at 1101–A Wheeler Street, the residence of defendant Bumpuss. The officers proceeded to the address and discovered that the side door to the residence was ajar and had suffered damage consistent with a forced entry. The officers announced their presence and, when no response was forthcoming, entered the dwelling and conducted a protective sweep of the rooms and closets for suspects or victims. The officers discovered several items suggestive of criminal activity in the course of securing the premises. The officers saw 1) a flourescent lighting fixture and a soil-fille pot containing a device for measuring humidity and portions of marijuana leaves in a work room closet; 2) a book titled "The Anarchist's Cookbook" in a hall closet; 3) electronic parts and devises in the work room; 4) an assault rifle in the bedroom closet; and 5) a bag of marijuana in plain view [according to the officers] *on top* of a cushion on the couch. One of the officers, Officer Cook, promptly executed an affidavit and a request for a search warrant for the entire premises. The police obtained their search warrant and called in the Bomb Squad to sweep the dwelling for explosive devices before conducting a more thorough search. The search pursuant to warrant turned up seven more firearms, eleven ounces of crack cocaine, digital scales, baggies, ammunition, and over $12,000.

A grand jury subsequently named Bumpuss in a five-count indictment on the strength of the items recovered pursuant to the search warrant. Count I charged Bumpuss with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841, but did not specify the amount of cocaine base with which Bumpuss was accused of possessing. Bumpuss was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i),

in Count II. The remaining three firearm-related counts are not relevant to the present appeal. Bumpuss thereafter filed a motion to suppress the introduction into evidence of all the items seized in his residence and the district court conducted an evidentiary hearing on the motion. One of the key strategies for the defense was the notion that, as the bag of marijuana was pictured on the sofa *under where the cushion would have been,* the discovery of the marijuana must of necessity exceeded the scope of their "protective sweep" for perpetrators or victims. The district court denied the motion and Bumpuss entered into a conditional plea agreement to Count I and Count II. The plea agreement did not contain any express or implied admission by Bumpuss as to the quantity of cocaine base supporting the § 841 charge. The court accepted the plea and set the matter over for sentencing and the preparation of a presentence report.

The parties later met for sentencing following the preparation of the report. Included among the sentencing calculations and recommendations was the unequivocal opinion of the report's preparer that the sentencing options for Count I were limited by the statutory minimum of ten years to life for a violation of 21 U.S.C. § 841(b)(1)(A). The district court adopted this report in the absence of any substantive objections and proceeded to sentence Bumpuss to the statutory minimum thought to control this sentence.

Counsel for Bumpuss brings two assignments of error on this appeal. First, counsel argues that the district court erred in denying the motion to suppress as the supporting affidavit was tainted by the reference to the bag of marijuana. Counsel argues that, although the officers were justified in their initial entry into Bumpuss's residence, their "protective sweep" did not grant them licence to search under

the sofa cushion, the alleged hiding place of the marijuana. Counsel thus takes issue with the district court's conclusion that the officer was worthy of belief when he stated that the second officer found the bag of marijuana on the sofa.

When reviewing the denial of a motion to suppress evidence on a pure dispute of fact, this court will consider the evidence in the light most favorable to the government, and must accept the district court's findings of fact upon, unless satisfied that those findings are clearly erroneous. *United States v. Freeman*, 209 F.3d 464, 466 (6th Cir.2000). This court will also defer to the district court's assessment of the credibility of the witnesses before it. *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir.1999); *United States v. Bradshaw*, 102 F.3d 204, 210 (6th Cir. 1996). There is little support for Bumpuss's position in light of this deferential review of witness credibility. Officer Cook testified that a second officer told him [Cook] that a bag of marijuana had been discovered on the sofa; the district court found this story credible. The fact that the second officer did not take the stand is not critical to this inquiry. In addition, the affidavit supporting the search warrant includes the assertion that the affiant officer was familiar with controlled substances and that he had personally witnessed the "remains of indoor marijuana growth" in one of the closets in the Bumpuss residence. Thus, even if the reference to the bag of marijuana is redacted, the affidavit still contains sufficient information for a neutral observer to conclude that probable cause exists to issue a search warrant. This saves the warrant under Sixth Circuit law, *United States v. Shamaeizadeh*, 80 F.3d 1131 (6th Cir.1996), and supports the conclusion that the first assigned error lacks merit.

The second assigned error is that the portion of Bumpuss's sentence attributable to his § 841 conviction must be vacated in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Counsel did not raise this issue below, as *Apprendi* was decided after sentencing, so the district court's decision will be reviewed in this court for plain error only. *United States v. Owusu*, 199 F.3d 329, 339 (6th Cir.2000). This analysis has four components:

First, we are to consider whether an error occurred in the district court. Absent any error, our inquiry is at an end. However, if an error occurred, we then consider if the error was plain. If it is, then we proceed to inquire whether the plain error affects substantial rights. Finally, even if all three factors exist, we must then consider whether to exercise our discretionary power under [Fed. R.Crim.P.] 52(b), or in other words, we must decide whether the plain error affecting substantial rights affected the fairness, integrity or public reputation of judicial proceedings.

*United States v. Thomas*, 11 F.3d 620, 630 (6th Cir.1993).

An examination of the record and Sixth Circuit decisions interpreting *Apprendi* leads to the conclusion that the district court did commit plain error in fashioning Bumpuss's § 841 sentence. The indictment under which Bumpuss was prosecuted did not accuse him of possessing any specific quantity of cocaine base under § 841 and he did not admit to any specific quantity in his plea agreement. The district court nevertheless felt constrained to sentence Bumpuss to what the

court felt was the applicable statutory minimum ten year sentence based on the finding in the presentence report that Bumpuss was responsible for 261.72 grams of crack cocaine, thus exceeding the "50 gram cutoff" for application of a lesser minimum sentence. Any "[a]ggravating factors, other than a prior conviction, that increase the penalty from a nonmandatory minimum sentence to a mandatory minimum sentence, or from a lesser to a greater minimum sentence, are now elements of the crime to be charged and proved" beyond a reasonable doubt. *United States v. Ramirez,* 242 F.3d 348, 351–52 (6th Cir. 2001). *Accord United States v. Garcia,* 252 F.3d 838, 842, 843 (6th Cir.2001) (*Apprendi/Ramirez* triggered when sentencing court improperly evinces belief that it was constrained by a specific statute to impose the sentence it did). An *Apprendi* violation may occur when one pleads guilty to a drug offense as well as when he chooses to take his case to trial. *United States v. Harper,* 246 F.3d 520, 530–31 (6th Cir.2001). The district court clearly felt compelled to sentence Bumpuss to the 21 U.S.C. § 841(b)(1)(A)(iii) mandatory ten year minimum without finding beyond a reasonable doubt that Bumpuss possessed the requisite fifty or more grams of cocaine base. The alternate range of penalties available to the court with the proper findings were significant: five to forty years for five or more grams of cocaine base (21 U.S.C. § 841(b)(1)(B)(iii) and zero to twenty years for a lesser amount under the "catch all" penalty provision of 21 U.S.C. § 841(b)(1)(C). In the absence of such a finding, this case must be remanded for resentencing under § 841(b)(1)(C). *Ramirez,* 242 F.3d at 352 ("Because in this case the government did not charge or attempt to prove to the jury a quantity of drugs that would permit a mandatory sentence, we remand this case to the District Court with instructions to sentence the defendant under 21 U.S.C. § 841(b)(1)(C)

and in accordance with the U.S. Sentencing Guidelines.").

Accordingly, the district court's judgment is affirmed in part and vacated and remanded in part for the narrow purpose of resentencing in accordance with this decision.