UNITED STATES of America,
Plaintiff–Appellee,

v.

Maurice REDDICK, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

William L. Foster, Jr., Defendant–
Appellant.

Nos. 00–3828, 00–4016.

United States Court of Appeals,
Sixth Circuit.

March 28, 2002.

Before SUHRHEINRICH, SILER, and
BATCHELDER; Circuit Judges.

PER CURIAM.

Defendants William Foster and Maurice
Reddick appeal their sentences on remand
after resentencing. They claim that the
amount of cocaine attributed to them was
not reasonably foreseeable. They also
claim that their sentences violate *Apprendi
v. New Jersey,* 530 U.S. 466, 120 S.Ct.
2348, 147 L.Ed.2d 435 (2000).

On February 18, 1997, a federal grant
jury indicted eight Defendants on offenses
related to two separate drug conspiracies
and money laundering. After several of
the Defendants pleaded guilty, Defendants
Foster and Reddick were tried on August
12, 1997. On August 29, 1997, the jury
returned its verdicts. It convicted Foster
on one count of conspiracy to distribute
cocaine (Count One) and on one count of
possession with intent to distribute mari-
juana (Count Twelve). The jury also con-
victed Reddick of two counts of conspiracy
to distribute and possess with intent to
distribute cocaine and cocaine base
(Counts One and Five). On December 16,
1997, Foster was sentenced to 168 months

in prison followed by five years of supervised release. On November 25, 1997, Reddick was sentenced to 151 months followed by five years of supervised release.

On March 21, 2000, the Sixth Circuit affirmed the convictions of Foster and Reddick but remanded their cases to the district court for particularized factual findings and resentencing on the issues of the quantity of narcotics attributable to Foster and Reddick. *United States v. Sledge,* 2000 U.S. App LEXIS 4975 (6th Cir. March 21, 2000). On June 12, 2000, the district court made particularized findings and reimposed the same sentence on Reddick. On August 2, 2000, the district court made particularized findings of fact and reimposed the same sentence on Foster.

## A. Resentencing

Foster and Reddick claim that the district court's factual finding on remand that each of them was responsible for at least five kilograms was clearly erroneous. This Court reviews a district court's factual finding of a drug quantity for sentencing for clear error. *United States v. Gibbs,* 182 F.3d 408, 440 (6th Cir.1999); *United States v. Mahaffey,* 53 F.3d 128, 131 (6th Cir.1995).

A defendant's base offense level is established by the quantity of drugs for which the defendant is accountable. U.S.S.G. § 2D1.1. That quantity includes not only the drugs "specified in the count of conviction," but all drugs which can be considered part of defendant's "relevant conduct" under U.S.S.G. § 1B1.3. *See* U.S.S.G. § 2D1.1, comment (n. 12). Where criminal activity is jointly undertaken, "relevant conduct" is "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B); *United States v. Jenkins,* 4 F.3d 1338, 1346 (6th Cir.

1993). This requires a two-part determination. First, the sentencing court must determine the scope of the conspiracy for which the defendant was convicted. U.S.S.G. § 1B1.3, cmt.; *United States v. Tucker,* 90 F.3d 1135, 1144 (6th Cir.1996); *United States v. Okayfor,* 996 F.2d 116, 120–21 (6th Cir.1993). Second, the sentencing court must determine the defendant's jointly undertaken and reasonably foreseeable conduct in the conspiracy. *United States v. Swiney,* 203 F.3d 397, 402 (6th Cir.2000); *Jenkins,* 4 F.3d at 1346. District courts must determine the "duration and nature of each defendant's participation" in the conspiracy. *Tucker,* 90 F.3d at 1144. The amount of drugs attributed to a defendant involved for sentencing purposes need only be proved by a preponderance of the evidence. *United States v. Wilson,* 168 F.3d 916, 922 (6th Cir.1999); *United States v. Medina,* 992 F.2d 573, 590 (6th Cir.1993); *United States v. Moreno,* 899 F.2d 465, 473 (6th Cir.1990). But, the district court must err on the side of caution when estimating the amount of drugs attributable to a defendant. *United States v. Walton,* 908 F.2d 1289, 1302 (6th Cir. 1990).

In resentencing Foster and Reddick, the district court made individualized and particularized findings of fact regarding Foster and Reddick as to (1) the scope and duration of the two conspiracies involved in this case and (2) the jointly undertaken conduct of Foster, Reddick, and others in furtherance of the conspiracies that was reasonably foreseeable to Foster and Reddick.

■ The district court found the following. The first conspiracy, of which both Foster and Reddick were convicted, lasted from December 1995 through February 8, 1996, and involved at least five kilograms of cocaine. In this conspiracy, Burks, Foster, and Reddick conspired with Andre

Johnson, a drug supplier, to distribute cocaine. Johnson supplied cocaine to Burks who, in turn, supplied it to local dealers, including Reddick. In the fall of 1995, Foster introduced Johnson to Burks, and in December 1995, Foster arranged a meeting between Burks and Johnson, after which Johnson supplied Burks with a kilogram of cocaine for $25,000.

From December 1995 to February 8, 1996, Foster knew of and facilitated drug transactions between Burks and Johnson. In late January of 1996, Johnson delivered two kilograms of cocaine to Burks, and in early February of 1996, Johnson delivered another two kilos of cocaine to Burks. (The district court stated that the two sales both occurred in January 1996, but Johnson's trial testimony indicates that the second sale was on February 1, 1996.) When Johnson was arrested on February 8, 1996, he was attempting to possess five kilograms of cocaine. Burks, Foster, Johnson, and Reddick used pagers, telephones, and coded conversations to arrange drug transactions. Reddick bought cocaine from Burks. On January 27, 1996, Foster aided Burks and Johnson in contacting each other. Burks also called Reddick and told him that he just contacted his supplier and asked Reddick if he was ready to buy some cocaine. Later that day, Burks bought two kilograms from Johnson. Foster also warned Burks not to contact Johnson after Johnson's arrest. During the conspiracy, Foster also tried to get Johnson to invest his profits from drug dealing in Foster's business ventures.

The district court also found the following. The second drug conspiracy, of which Reddick, but not Foster, was convicted, lasted from March 1996 to August 1996, and involved the actual distribution of at least five kilograms of cocaine and the attempted distribution of at least fifteen kilograms of cocaine. This conspiracy in- volved Savon Codd, a drug supplier, who sold cocaine to Burks, who in turn sold it to Reddick, Aaron Allen, DeCarlos Burrell, and others.

On April 29, 1996, Reddick told Burks that he wanted a kilogram of cocaine. On June 21, July 25, and August 7, 1996, Burks obtained cocaine from his supplier and then contacted Reddick and other customers. Reddick and Burks discussed another cocaine supplier who could supply five kilograms of cocaine. Burks disclosed to Reddick his plans to purchase large quantities of cocaine. On August 6, 1996, Burks told Reddick to sell the cocaine that he had because he was expecting to receive fifteen kilograms of cocaine from Codd by the weekend. Reddick told Burks that he was putting on "a full-court press" and confirmed that $800.00 was an acceptable price. The next day, Codd delivered Burks two kilograms of cocaine. When the police searched Burks' residence, they found Reddick's fingerprints on a scale that was located with money, kilogram cocaine wrappers, baking soda, powder cocaine, and crack.

After making these particularized findings, the district court concluded that the total amount of cocaine jointly undertaken and reasonably foreseeable by Foster was at least five kilograms and that the appropriate base offense level was 32 with 2 levels added for possession of a gun for a total offense level of 34 with a criminal history category of II. The district court also concluded that the total amount of cocaine jointly undertaken and reasonably foreseeable by Reddick was at least five kilograms and that the appropriate base offense level was 32 with 2 levels added for possession of a gun for a total offense level of 34 with a criminal history category of I.

After reviewing the record, we are satisfied that the district court's particularized findings are not clearly erroneous and that

the amount of cocaine attributed to Foster and Reddick was reasonably foreseeable by Foster and Reddick as resulting from jointly undertaken activity in furtherance of the first and second conspiracies.

### B.  Apprendi

■ Foster and Reddick also claim that their indictments were defective under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the Government did not allege, and the jury was not required to find, the specific types and quantities of drugs for which they were sentenced.  In *Apprendi,* the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490.  The quantity of drugs is a fact that sometimes may increase the penalty for a crime beyond the statutory maximum for a particular crime.  *United States v. Hough,* 276 F.3d 884, 892–893 (6th Cir. 2002).  However, the jury need not always determine the precise amount of drugs involved in the conspiracy.  Under *Apprendi,* the amount of drugs must be submitted to a jury and proved beyond· a reasonable doubt only when the amount of drugs would warrant a sentence that exceeds the statutory maximum, *see United States v. Rebmann,* 226 F.3d 521, 524 (6th Cir.2000), or would raise the statutory minimum authorized by a statute, *see United States v. Ramirez,* 242 F.3d 348, 351 (6th Cir.2001).

In this case, Foster and Reddick were indicted for violating 21 U.S.C. § 841(a), which carries a maximum penalty of 20 years.  Although the district court sentenced Foster and Reddick based on the amount of drugs that the court found were reasonably foreseeable by Foster and Red-

dick, *Apprendi* does not apply, because neither Foster nor Reddick was sentenced to a term greater than the statutory maximum available under 21 U.S.C. § 841(a).  Accordingly, Foster and Reddick's *Apprendi* claims lack merit.

### C.  Conclusion

We **AFFIRM** the sentences that the district court reimposed on Defendants Foster and Reddick.