**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles H. FOSTER, Jr., Defendant–Appellant.**

No. 01–5041.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN, District Judge.*

BATCHELDER, Circuit Judge.

Defendant Charles H. Foster, Jr., appeals the sentence imposed by the district court following his conviction on drug trafficking and money laundering charges. This is the third incarnation of Foster's appeal; his original conviction was reversed because of trial error; he was retried, convicted and sentenced, and that sentence was affirmed in part and reversed in part; and he was again sentenced—this time to 240 months on the drug trafficking count and a concurrent 120 months on the money laundering count. Prior to the imposition of this sentence, Foster argued, as he argues before

us on appeal, that the sentence violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the sentence was based on a drug quantity and the possession of a firearm that were not found by the jury, but were based on the sentencing court's finding by a preponderance of the evidence. Because we find that Foster's sentence was not based on any fact that increased the penalty beyond the statutory maximum for the offense of conviction, we will affirm the judgment of the district court.

We review Foster's *Apprendi* claim for plain error since he raised no objection at trial to the fact that the jury was not instructed to determine the specific quantity of controlled substance which Foster had conspired to distribute. *See United States v. Cotton*, —— U.S. ——, ——, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002).

Foster's claim is premised on the view that *Apprendi* means, not what it says—that is, that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *id.* at 1783 (quoting *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348)—but rather that any fact that increases the sentencing range under the Sentencing Guidelines must be submitted to and found by the jury. Foster has no claim under *Apprendi*.

First, *Cotton* makes it clear that unless this objection was raised at trial, we review only for plain error, and where, as here, the evidence of drug quantity is abundant, we will find no such error. *Id.* at 1785–86. Second, Foster was sentenced within the maximum term required by the

* The Honorable Avern Cohn, United States District Judge, Eastern District of Michigan, sitting by designation.

default section of 21 U.S.C. § 841, namely § 841(b)(1)(C), which governs the sentence for a defendant convicted of trafficking in a measurable quantity of cocaine that is less than the quantities for which the punishment is prescribed in § 841(b)(1)(A) or (B). The maximum sentence under § 841(b)(1)(C) is "not more than 20 years." Even if we were to apply a less deferential standard of review, we would be compelled to conclude that the district court's factual findings did not result in a sentence greater than the statutory maximum. And third, the rationale of this circuit's opinions in *United States v. Flowal*, 234 F.3d 932 (6th Cir.2000), and *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001)—on which Foster relies to support his view that *Apprendi* requires that the jury find beyond a reasonable doubt even those facts that may affect the guideline range of a sentence below the statutory maximum—has been cast into serious doubt, if not entirely overruled, by the Supreme Court's recent decision in *Harris v. United States*, —— U.S. ——, 122 S.Ct. 2406, —— L.Ed.2d —— (2002).

In *Harris*, three members of the Court agreed with Justice Kennedy that "once the jury finds [those facts that determine the maximum sentence allowed by the statute], *Apprendi* says that the defendant has been convicted of the crime; the Fifth and Sixth Amendments have been observed; and the Government has been authorized to impose any sentence below the maximum." *Id.* at 2418 (plurality opinion). And, those justices agreed, "[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt." *Id.* A fifth justice, Justice Breyer, declined to concur in this reasoning because, although he could not find a logical distinction between *Harris* and *Apprendi*, he believed that the Sixth Amendment permits judges to apply sentencing factors even if they lead to the imposition of sentences in excess of statutory maximum terms. *Id.* at 2420–21 (Breyer, J., concurring in part and concurring in the judgment). Five members of the Court, therefore, clearly agree that facts that affect a sentence below the statutory maximum may be determined by the judge, and need not be found beyond a reasonable doubt by a jury. Finally, a majority of the Court held that *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which held constitutional a state statute that specified the condition for a mandatory minimum penalty without making that condition an element of the crime, remains good law after *Apprendi. Harris*, —— U.S. at ——, 122 S.Ct. at 2420.

Here, the sentence imposed on Foster was 240 months which is "not more than 20 years," the § 841(b)(1)(C) default statutory maximum. Neither the drug quantity nor the specific offense characteristic found by the sentencing judge, *i.e.*, that firearms were possessed in connection with the drug offense, increased the sentence beyond the statutory maximum of 20 years. Therefore, there was no *Apprendi* violation with regard to drug quantity or the two-level enhancement.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.