UNITED STATES of America,
Plaintiff–Appellee,

v.

Edward J. HOWELL, Defendant–Appellant.

No. 01–3903.

United States Court of Appeals,
Sixth Circuit.

Dec. 6, 2002.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

## ORDER

Edward J. Howell pleaded guilty to engaging in a conspiracy to distribute and to possess cocaine for intended distribution, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. On July 31, 2001, he was sentenced to 121 months of imprisonment and five years of supervised release. It is from this judgment that Howell now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

We review the district court's legal conclusions *de novo* and examine its factual findings for clear error. *See United States v. Henderson*, 209 F.3d 614, 617 (6th Cir. 2000).

Howell signed a plea agreement that included a waiver of his right to appeal, which was conditioned only on his being sentenced pursuant to the provisions of the agreement. The record indicates that his sentence was consistent with the plea agreement. First, the district court adopted the probation officer's recommendation that Howell be assigned a criminal history category of III. Second, the court determined that his base offense level was 32, and it reduced that level for acceptance of responsibility. Third, the court granted the prosecutor's motion to dismiss several other charges. Finally, the 121–month sentence that Howell received fell within the statutorily prescribed range of ten-years to life imprisonment that was specifically noted in the plea agreement. *See* 21 U.S.C. § 841(b)(1)(A). Thus, it appears that he has waived his right to appellate review. *See United States v. Allison*, 59 F.3d 43, 46 (6th Cir.1995).

Howell now argues that his plea agreement and guilty plea were invalid because his former attorney did not advise him of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In particular, Howell argues that counsel should have advised him that the holding in *Apprendi* was extended to factors that increase a statutorily prescribed minimum sentence by *United States v. Ramirez*, 242 F.3d 348, 351–52 (6th Cir.2001). Thus, he argues that counsel should have advised him not to sign the plea agreement or to plead guilty, as the indictment did not specifically charge him with trafficking in an amount of cocaine that would justify a ten-year statutory minimum.

To establish the ineffective assistance of counsel, Howell must show both that his attorney's performance was deficient and that he was prejudiced by counsel's alleged error. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He has not shown the required prejudice because *Ramirez* was effectively overruled, insofar as it extended the application of *Apprendi* to mandatory minimum sentences. *See Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 2414, 153 L.Ed.2d 524 (2002).

Nevertheless, we note that the superseding indictment gave Howell adequate notice, as it charged him with violating 21 U.S.C. § 841(b)(1)(A) and that section penalizes drug offenses that involve more than five kilograms of cocaine. *See United States v. Garcia*, 252 F.3d 838, 844 (6th Cir.2001). The government met its burden of proof regarding this factor because Howell stipulated that he was involved with between five and fifteen kilograms of cocaine. *See United States v. Stafford*, 258 F.3d 465, 477–78 (6th Cir. 2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1581, 152 L.Ed.2d 500 (2002). Finally, the 121–month sentence that Howell

received fell below the statutory maximum and there is no indication that the sentencing court felt constrained by the ten-year statutory minimum. *See Garcia,* 252 F.3d at 843–44.

Accordingly, the district court's judgment is affirmed.