**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arindus HUMPHREY, Defendant–Appellant.**

No. 01–4053.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

*ORDER*

Arindus Humphrey appeals the sentence imposed upon his conviction for conspiracy to possess cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury convicted Humphrey of the above offense and found that numerous items of Humphrey's property were subject to forfeiture. At sentencing, the district court attributed over 150 kilograms of cocaine to Humphrey and sentenced him to 360 months in prison, which was at the bottom of the guidelines range of imprisonment of 360 months to life. Humphrey appealed, challenging, inter alia, the calculation of the drug quantity. This court rejected Humphrey's arguments and affirmed Humphrey's conviction and sentence in an unpublished order, but the Supreme Court reversed and remanded the case to this court for further consideration in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Humphrey,* No. 98–3440, 2000 WL 353712 (6th Cir.), *rev'd,* 531 U.S. 988, 121 S.Ct. 478, 148 L.Ed.2d 451 (2000). This court likewise remanded the case to the district court for further consideration in light of *Apprendi,* as well as this court's decision in *United States v. Page,* 232 F.3d 536 (6th Cir.2000). *United States v. Humphrey,* No. 98–3440, 2001 WL 92119, 3 Fed.Appx. 258 (6th Cir. Jan. 24, 2001) (unpublished). On remand, the district court conducted a re-sentencing hearing. Noting that, pursuant to *Apprendi,* Humphrey's sentence could not exceed the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C) despite the higher guidelines range, the district court sentenced Humphrey to 240 months in prison.

Humphrey's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issue of whether the district court erred when it found that Humphrey should be sentenced within the guidelines range, as limited by 21 U.S.C. § 841(b)(1)(C), when the indictment failed to allege a drug quantity and the jury did not find a drug quantity. Humphrey has filed a response, arguing that: 1) the indictment was defective under *Apprendi* because it failed to specify a drug quantity; 2) the district court erred under *Apprendi* by attributing more than 499 grams of cocaine to him in determining his guidelines range because such an amount falls outside the scope of § 841(b)(1)(C); 3) under *Apprendi,* he is entitled to the lowest base offense level applicable for his offense, level 12, because the indictment did not contain a drug quantity; and 4) counsel rendered ineffective assistance by not requesting an updated presentence investigation report before the re-sentencing hearing.

Upon review, we conclude that counsel's motion should be granted because counsel has filed an acceptable *Anders* brief.

The claims raised by counsel and the defendant lack merit. First, the district court properly sentenced Humphrey pursuant to *Apprendi.* In *Apprendi,* the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be included in the indictment, submitted to the jury, and proved beyond a reasonable doubt. 530 U.S. at 476, 490; *see also United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1783, 152 L.Ed.2d 860 (2002). Thus, where drug quantity determines the statutory minimum or maximum sentence, such as for violations of § 841(a), drug quantity must be submitted to the jury and proved beyond a reasonable doubt. *United States v. Ramirez,* 242 F.3d 348, 351–52 (6th Cir. 2001). If a jury convicts a defendant of

violating § 841(a)(1), but does not find that the defendant possessed the minimum amounts required to qualify for the higher statutory sentencing ranges set forth at § 841(b)(1)(A) or § 841(b)(1)(B), then the defendant must be sentenced within the lowest statutory range. *Ramirez,* 242 F.3d at 352. For Humphrey, the lowest statutory range was zero to twenty years in prison, as set forth in § 841(b)(1)(C). Thus, his sentence of twenty years was within the statutory range.

Second, the failure to include the drug quantity in the indictment does not deprive the trial court of jurisdiction and does not constitute plain error where the fairness and integrity of judicial proceedings is not seriously affected. *Cotton,* 122 S.Ct. at 1785–86. In *Cotton,* the Supreme Court held that the fairness and integrity of judicial proceedings were not seriously affected where the defendant never objected to the indictment's failure to include the drug quantity and the evidence of drug quantity was overwhelming and essentially uncontroverted. *Id.* at 1786–87. In the instant case. Humphrey did not object to the indictment's failure to include the drug quantity and this court previously found that the district court did not err by attributing 150 kilograms to Humphrey. In summarizing the history of the conspiracy, this court stated, "During the early 1990s, Humphrey used various New York sources to obtain cocaine, purchasing five to ten kilograms at a time, sometimes on a weekly basis." *Humphrey,* 2000 WL 353712, at *1. Thus, the fairness and integrity of the judicial proceedings in the instant case was not affected.

Third, *Apprendi* does not affect any of the guidelines calculations. In *United States v. Garcia,* 252 F.3d 838, 843 (6th Cir.2001), this court held that "*Apprendi* does not purport to apply to penalties in excess of any particular range or based on

any offense level under the Sentencing Guidelines." Consequently, the *Apprendi* challenges to the guidelines calculations are without merit.

Fourth, we decline to consider Humphrey's claim of ineffective assistance. Claims of ineffective assistance are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *United States v. Carr,* 5 F.3d 986, 993 (6th Cir.1993).

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.