**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Malik First Born Allah FARRAD,**
**Defendant–Appellant.**

**No. 00–5654.**

United States Court of Appeals,
Sixth Circuit.

Feb. 26, 2002.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

**OPINION**

COLE, Jr., Circuit Judge.

Defendant–Appellant Malik First Born Allah Farrad appeals the determination of his sentence by the district court, assigning error to the district court's use of a factual predicate not proved beyond a reasonable doubt to increase his sentence beyond the applicable statutory range. For the reasons discussed below, Farrad's sentence is hereby **VACATED** and **REMANDED** for resentencing in accordance with this opinion.

## BACKGROUND

On June 16, 1999, Defendant–Appellant Malik First Born Allah Farrad ("Farrad") was indicted for the distribution and possession with intent to distribute cocaine base ("crack cocaine" or "crack") in violation of 21 U.S.C. § 841(a)(1) ("Count One"), along with numerous other counts related to the sale and possession of crack cocaine. The indictment charged Farrad generally with crack distribution and possession, without specifying any amount. The jury convicted Farrad on all counts, without making any determination of the quantity of crack involved.

Prior to sentencing, the probation office prepared a Presentence Investigation Report ("presentence report"). As to Count One, the report stated that Farrad's actions constituted a Class A felony, subject to a sentence of "10 years to life imprisonment, $4,000,000, at least 5 years supervised release." Under "Offense Conduct," the presentence report recounted the testimony of several Government witnesses regarding the amount of crack they sold under Farrad's supervision. Based upon this testimony, the probation officer determined the approximate amount of crack that Farrad possessed and distributed to be between 765 grams and 1.05 kilograms. The probation office ultimately assigned Farrad to an Adjusted Offense Level of 41 for Count One. This offense level, in combination with a criminal history category of IV, subjected Farrad to "the guideline range for imprisonment [of] 360 months to life imprisonment."

Prior to his sentencing hearing, Farrad filed an objection to the presentence report. In particular, Farrad objected to the calculation of the quantity of crack involved in Count One. Farrad argued that the Government's witnesses pleaded guilty to the distribution and possession of certain amounts of crack under Farrad's supervision while they testified to actually handling larger amounts at Farrad's trial. Farrad stated that it is impermissible for the probation officer to assume amounts based on the testimony of those who pleaded guilty to possessing smaller amounts. Farrad insisted, "there is something fundamentally wrong with allowing the government on the one hand to manipulate the figures on drug quantity to help those it chooses to help at sentencing and on the other hand to ask a court to look the other way and join the manipulation by finding much higher figures of drug quantity to slam those it wants to crush at sentencing."

On April 24, 2000, at his sentencing hearing, Farrad, through his counsel, renewed his objection to the quantity calculated in the presentence report. The Government countered that this quantity was based not only on the testimony of Farrad's co-defendants, but also upon the testimony of Johnson City criminal investigator Richard Witt, who worked with the DEA to facilitate Farrad's arrest. Witt then testified as to his understanding of the amounts of crack that Farrad handled as to Count One. Farrad again objected to the quantities contained in the report. The district court then sentenced Farrad to 360 months imprisonment.

Farrad now appeals this sentence, on the grounds that his sentence violates his Fifth and Sixth Amendment rights pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## STANDARD OF REVIEW

■ Because Farrad's case was pending when the Supreme Court announced the holding in *Apprendi v. New Jersey*, he may challenge his sentence based upon that decision. *See United States v. Strayhorn*, 250 F.3d 462, 467 (6th Cir.2001)

We review a defendant's constitutional challenge to his sentence *de novo.* *See United States v. Lloyd,* 10 F.3d 1197, 1220 (6th Cir.1993). The Government argues that because Farrad did not make a specific *Apprendi* objection before the district court, his claim is subject to only plain error review. However, the law of this Circuit is such that a defendant sentenced prior to *Apprendi* preserves a constitutional challenge to his sentence wherever he in effect makes an *Apprendi* objection *See Strayhorn,* 250 F.3d at 467 ("we believe the record makes plain that Strayhorn preserved his [*Apprendi*] challenge by repeatedly objecting to the drug quantity determination at his plea hearing and his sentencing hearing, as well as in a written objection to the calculation of his base offense level in the presentence report.") Here, Farrad made a written objection to the presentence report as to the quantity of drugs and made multiple objections regarding quantity at sentencing. Indeed, at sentencing, Farrad objected specifically to the district court's wholecloth adoption of the Government's theory of the quantity of drugs involved in the crime. Though Farrad did not explicitly use the terms "Sixth Amendment" or "due process," he in effect made an *Apprendi* objection. *See Strayhorn* at 467 ("Although he did not utter the words 'due process' at either of these hearings, he made it well known that he disputed the district court's factual finding with respect to drug quantity. We conclude that he adequately preserved his challenge to his sentence.") Thus, Farrad did not waive his objection and his *Apprendi* claim is entitled to *de novo* review.

## DISCUSSION

In *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id* at 490. This Circuit has further held that where a defendant is subject to different statutory ranges based upon various elements of a crime, each and every element that can potentially increase a defendant's sentencing range must be presented to the jury and proved beyond a reasonable doubt. *See United States v. Ramirez,* 242 F.3d 348, 351–52 (6th Cir.2001) ("Aggravating factors, other than a prior conviction, that increase a penalty from a … lesser to a greater minimum sentence, are now elements of a crime to be charged and proved."); *United States v. Flowal,* 234 F.3d 932, 938 (6th Cir.2000) ("The prosecution is only entitled to the punishment provisions of a crime whose elements it has proved to a jury beyond a reasonable doubt.")

The extension of the *Apprendi* doctrine to statutory ranges has been explicitly considered in the context of drug quantity under 21 U.S.C. § 841(b). *See, e.g. Ramirez* at 349; *Flowal* at 936. That section contains three potential statutory ranges under which a defendant can be sentenced, based upon the quantity of drugs involved in the crime. Subject to certain additional factors not present here, if a defendant possesses fifty grams or more of crack cocaine, he is subject to a sentence of ten years to life. *See* 21 U.S.C. § 841(b)(1)(A). If a defendant possesses five or more grams of crack cocaine, he is subject to a sentence of five to forty years. *See* 21 U.S.C. § 841(b)(1)(B). If a defendant simply possesses "a controlled substance in schedule II," with no specified quantity, he is subject to a maximum sentence of twenty years with no statutory minimum. *See* 21 U.S.C. § 841(b)(1)(C).

This court has consistently held that where a defendant is sentenced under the higher tiers of this scheme, § 841(b)(1)(A) and § 841(b)(1)(B), the quantity of drugs must be charged in the indictment and proved beyond a reasonable doubt; otherwise the defendant should be subject to the lower sentencing range of § 841(b)(1)(C). *See Ramirez* at 352 ("When a defendant is found guilty of violating 21 U.S.C. § 841(a)(1), he must be sentenced under 21 U.S.C. § 841(b)(1)(C) unless the jury has found beyond a reasonable doubt that the defendant possessed the minimum amounts required by 21 U.S.C. 841(b)(1)(A) and § 841(b)(1)(B).") *See also Flowal* at 936 ("Because the amount of drugs at issue determined the appropriate statutory punishment, a jury should have determined the weight of the drugs beyond a reasonable doubt.") To do otherwise would violate a defendant's Fifth Amendment right to due process and his Sixth Amendment right to a jury trial under *Apprendi* and *Flowal. Id* at 351.

Here, Farrad's indictment failed to specify a quantity of drugs involved in the violation of § 841(a)(1). Moreover, while different witnesses testified as to amounts of drugs that they distributed under Farrad's supervision, the question of drug quantity was not submitted to the jury and thus was not established beyond a reasonable doubt. Given these set of facts, Farrad is subject only to the statutory range set forth in § 841(b)(1)(C). i.e. up to twenty years.

However, the district court failed to sentence Farrad pursuant to this section, and instead, based upon the suggestion of the presentence report, sentenced Farrad pursuant to 21 U.S.C. § 841(b)(1)(A), ten years to life. Therefore, based upon the theory that drug quantity need only be determined by a preponderance, Farrad was made subject to the highest possible range of punishment, and was sentenced

ten years in excess of the maximum of the appropriate statutory range. This is a quintessential *Apprendi* violation, and thus Farrad is entitled to resentencing.

## CONCLUSION

For the foregoing reasons, Farrad's sentence is **VACATED** and **REMANDED** for resentencing in accordance with this opinion.