**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Malik First Born Allah FARRAD,
Defendant–Appellant.**

No. 02–5856.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 2003.

Dan R. Smith, Asst. U.S. Attorney, U.S. Attorney's Office, Johnson City, TN, for Plaintiff–Appellee.

Donald E. Spurrell, Johnson City, TN, Malik Malik First Born Allah Farrad, pro se, Greeneville, TN, for Defendant–Appellant.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

## ORDER

█ This is a direct appeal from a criminal judgment and commitment order entered after a specific remand from this court for that purpose. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 16, 1999, Malik First Born Allah Farrad ("Farrad") was indicted on twenty-two separate counts relating to the acquisition and distribution of crack cocaine. A jury found Farrad guilty of twenty-one of the charges and the district court sentenced Farrad to a 360–month term of imprisonment. A panel of this court vacated the judgment and remanded for resentencing. *United States v. Farrad*, No. 00–5654, 2002 WL 314873, 41 Fed.Appx. 707 (6th Cir. Feb. 26, 2002). The court resentenced Farrad to another 360–month term of imprisonment. Farrad filed this appeal.

Counsel for Farrad filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Farrad was served with the motion and brief and was invited to respond. *See Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir.1988). Farrad did submit a brief in his own behalf.

Farrad was convicted of twenty-one counts relating to his trafficking in crack cocaine. Count One was a violation of 21

U.S.C. § 846, that is, conspiracy to distribute and possession with intent to distribute cocaine base. Based on the United States Sentencing Guidelines, the district court concluded that Farrad's guideline sentencing range was 360 months to life after finding that Farrad's base offense level was forty-one and his criminal history category was IV. The court also found, without having submitted the matter to the jury, that the quantity of crack cocaine for which Farrad should be held accountable at sentencing for Count One was more than fifty grams, an amount that carried with it a statutory sentencing range of ten years to life. The district court thus imposed a 360–month sentence for Count One and concurrent terms of eighty to 240 months for the other twenty counts of conviction. The panel hearing the direct appeal found, however, that the district court's decision to sentence Farrad on Count One to a sentence in excess of twenty years where drug quantity had not been proven to the jury beyond a reasonable doubt violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. This court vacated the sentence after the *Apprendi* discussion and remanded the matter "for resentencing in accordance with this opinion." *Farrad*, 2002 WL 314763 at *4.

On remand, the district court concluded that compliance with the Sixth Circuit required only that Farrad's sentence for the § 846 conviction should be capped at twenty years. The district court did that but then, on the authority of USSG § 5G1.2(d) and *United States v. Page*, 232 F.3d 536

(6th Cir.2000), the court reconfigured the sentence to reflect *consecutive* terms of imprisonment for some other counts of conviction so as to bring the total sentence up to the 360 month guideline minimum. The district court denied Farrad's request to recalculate the amount of drugs for guideline sentencing purposes as the court did "not understand the Sixth Circuit's remand to require a new calculation of the amount of drugs involved."

On appeal, counsel for Farrad raises one issue for appellate review, namely, the district court's reconfiguration of the sentence so that the total punishment remains 360 months. Counsel concedes that this claim lacks merit.

Counsel's assessment of this claim is supported by the record and law. The original decision of this court left untouched Farrad's total guideline punishment range of 360 months to life imprisonment. The district court followed the direction of the Sixth Circuit to reduce Farrad's punishment for the § 846 conviction to 240 months, but then concluded that some of the remaining counts needed to be consecutive under USSG § 5G1.2(d). Section 5G1.2(d) reads as follows: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." The district court's actions were thus mandated by, and consistent with, the guidelines. *United States v. Lopez,* 309 F.3d 966, 970 (6th Cir.2002) (citing *Page,* 232 F.3d at 544).

■ The claims raised by Farrad in his pro se filing are equally unavailing. Farrad initially poses an *Apprendi* challenge to his new sentence that is virtually identical to the *Apprendi* issue raised, and disposed of, in his direct appeal by a panel that specifically, and narrowly, fashioned the appropriate remedy for the violation. The district court followed this panel's direction and carefully reconciled that decision with the guidelines in resentencing Farrad. This court is bound by the prior decisions of another panel on the same issues. *Groves v. Ring Screw Works,* 882 F.2d 1081, 1086 (6th Cir.1989). Farrad's second claim is identical to the one posed by his counsel, namely, whether the district court had the authority to order some of the counts consecutive to the § 846 punishment. This issue lacks merit for the reasons stated above. Farrad's final contention is that the partially consecutive sentences for the conspiracy and the substantive offenses of the conspiracy violated his right to be free from double jeopardy. A substantive crime and conspiracy to commit that crime are not the same offense for purposes of double jeopardy, however, as "the 'essence' of a conspiracy offense 'is in the agreement or confederation to commit a crime.'" *United States v. Felix,* 503 U.S. 378, 389–90, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992) (quoting *United States v. Bayer,* 331 U.S. 532, 542, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947)). This appeal lacks merit.

Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.