**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael D. STUBBS, Defendant–**
**Appellee.**

No. 03–3260.

United States Court of Appeals,
Sixth Circuit.

May 3, 2004.

Joseph R. Wilson, Asst. U.S. Attorney, U.S. Attorney's Office, Toledo, OH, for Plaintiff–Appellee.

Michael D. Stubbs, #21646–018, Coleman, FL, for Defendant–Appellant.

Before GUY, GILMAN, and COOK, Circuit Judges.

## ORDER

Michael D. Stubbs appeals pro se from a district court judgment that resentenced him to 185 months of imprisonment. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Stubbs pled guilty to conspiring to possess cocaine, cocaine base, and marijuana for intended distribution; aiding and abetting a murder-for-hire that involved interstate commerce; and conspiring to use or carry firearms during and in relation to a drug-trafficking crime. *See* 18 U.S.C. §§ 924(n) (formerly § 924(*o*)), 1958; 21 U.S.C. §§ 841(b)(1)(A), 846. He was sentenced initially to sixty months of incarceration on his firearm conviction, which was consecutive to the 135–month sentences that he received on his other convictions. However, that judgment was vacated and the case was remanded for resentencing, as Stubbs had been sentenced for actually using or carrying a firearm during a drug-trafficking offense, when he had been convicted of conspiring to commit that offense.

On January 21, 2003, the district court resentenced Stubbs to concurrent sentences of 185 months on each of his convictions, to be followed by five years of supervised release. It is from this judgment that he now appeals, moving for his release from prison during this appeal.

We generally review the district court's legal conclusions *de novo*, while examining its factual findings for clear error. *United States v. Henderson*, 209 F.3d 614, 617 (6th Cir.2000).

■ Stubbs first argues that the government violated his plea agreement when it argued at sentencing that his total offense level should be enhanced for possess-

ing a firearm during a drug-trafficking offense. This argument is unpersuasive because the plea agreement includes stipulated facts that clearly support such an enhancement under USSG § 2D1.1(b)(1).

■ Stubbs argues that the § 2D1.1(b)(1) enhancement subjected him to impermissible double counting because he was also sentenced for conspiring to use and carry firearms during and in relation to a drug-trafficking crime under 18 U.S.C. § 924(n). This argument fails because a conviction under § 924(n) does not require that the defendant actually use or possess the firearm. Thus, the § 2D1.1(b)(1) enhancement did not punish the same conduct as Stubbs's firearm conviction. *See United States v. Saikaly*, 207 F.3d 363, 367 (6th Cir.2000).

Stubbs argues that the caption to Count 12 of the indictment indicated that he was charged with "Attempted Murder For Hire" and that mere attempt does not constitute a federal crime if it is not expressly proscribed in the underlying criminal statute. This argument lacks merit because "the body of the indictment contains the actual charge, and the caption or cover sheet is not a necessary or controlling part of the indictment." *United States v. Ebolum*, 72 F.3d 35, 39 (6th Cir.1995).

■ Stubbs argues that the indictment was defective because it did not allege injury and the maximum sentence for a murder-for-hire is increased to twenty years if the victim is injured. *See generally* 18 U.S.C. § 1958(a); *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, Stubbs acknowledged that Count 12 carried a maximum sentence of twenty years when he signed his plea agreement and the trial court advised him that the charge carried a twenty-year maximum before it accepted his plea. Stubbs also failed to object to

the presentence report insofar as it indicated that the victims had multiple gunshot wounds. Moreover, the sentence that he received for this offense was concurrent to the 185–month sentences that were imposed for his other convictions. Thus, we conclude that the alleged *Apprendi* violation amounted to no more than harmless error. *See United States v. Lopez*, 309 F.3d 966, 970 (6th Cir.2002), *cert. denied*, 537 U.S. 1244, 123 S.Ct. 1380, 155 L.Ed.2d 217 (2003).

■ Stubbs also argues that *Apprendi* was violated because the indictment charged him with conspiring to possess an undisclosed amount of cocaine, cocaine base, and marijuana for intended distribution. Thus, he apparently argues that he should be held accountable only for conspiring to distribute an undetermined amount of marijuana. However, Stubbs's guilty plea was supported by an admission that his offense involved at least 150 grams of cocaine base. Hence, there was no *Apprendi* violation because the sentence that he received fell below the statutory maximum of life imprisonment that is authorized by 21 U.S.C. § 841(b)(1)(A)(iii). *See United States v. Stafford*, 258 F.3d 465, 477 (6th Cir.2001); *United States v. Garcia*, 252 F.3d 838, 844 (6th Cir.2001).

Stubbs next argues that the district court violated his Fifth Amendment rights by failing to advise him that the government would have the burden of proving the amount and type of drugs that were attributed to him if his case went to trial. However, Stubbs waived the right to appeal this type of issue when he signed his plea agreement. *See United States v. Allison*, 59 F.3d 43, 46–47 (6th Cir.1995). We note, nonetheless, that he pled guilty more than two years before *Apprendi* was decided and that the district court substantially

complied with the requirements of Fed. R.Crim.P. 11.

Stubbs also argues that the district court violated *Apprendi* when it determined his sentencing guideline range and that *Apprendi* applies to the sentencing guidelines because they were statutorily created. This argument fails in light of numerous cases that hold that *Apprendi* is not applicable to guideline sentences that fall below the undisputed statutory maximum. *See, e.g., United States v. Chapman,* 305 F.3d 530, 536 (6th Cir.2002); *Garcia,* 252 F.3d at 843.

Finally, Stubbs argues that the district court violated its local rules and Fed. R.Crim.P. 32 because it did not order the probation officer to respond to his objections to the presentence report, make written findings on his objections, or delete extraneous information from the report. The plea agreement includes a waiver of his right to appeal these types of issues. *See Allison,* 59 F.3d at 46–47. Nevertheless, we note that the court did address his objections when he was resentenced and that it attached a sealed statement of reasons to its amended sentencing judgment. Thus, we find that the discrepancies that Stubbs has alleged were no more than harmless error.

Accordingly, the district court's judgment is affirmed and all pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.