**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harvey Eugene BURKHART,**
**Defendant-Appellant.**

No. 81–5184.

United States Court of Appeals,
Sixth Circuit.

Argued May 7, 1982.

Decided July 8, 1982.

Certiorari Denied Oct. 12, 1982.
See 103 S.Ct. 228.

R. Michael Murphy, Federal Public Defender, Lexington, Ky., for defendant-appellant.

Patrick Molloy, U. S. Atty., Robert F. Trevey, Barbara Edelman, Lexington, Ky., for plaintiff-appellee.

Before JONES and KRUPANSKY, Circuit Judges, and GILMORE, District Judge.*

NATHANIEL R. JONES, Circuit Judge.

Defendant-appellant Harvey Eugene Burkhart (hereinafter defendant) appeals from his conviction for several violations of the Hobbs Act, 18 U.S.C. § 1951. For reasons stated below, we affirm.

On January 21, 1981, a federal grand jury returned an indictment against the defendant and another individual, William Jiggs Miracle, charging them with twenty-seven different violations of the Hobbs Act, 18 U.S.C. § 1951.[1] While the conspiracy count of this indictment charged the defendant with conspiring to obtain property with the consent of its owner "being induced by wrongful use of fear *and* under the color of

---

* The Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation.

1. The Hobbs Act, 18 U.S.C. § 1951, provides in pertinent part:

   (A) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts to or conspires so to do, or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section, shall be fined not more than ten thousand dollars or imprisoned not more than twenty years, or both.
   (b) As used in this section—* * *
   (2) the term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

   This statutory provision proscribes extortion committed by public officials under color of office or by private individuals using threats, force or fear. *See United States v. Nardello,* 393 U.S. 286, 289, 89 S.Ct. 534, 536, 21 L.Ed.2d 487 (1969).

official right," the subsequent substantive counts alleged that the property had been obtained by consent "induced by wrongful use of fear under the color of official right. In violation of Title 18, United States Code, § 1951."

Evidence presented at trial revealed that several individuals, engaged in illegal bootlegging activities in Harlan County, Kentucky, received telephone calls indicating that they would have to pay a certain amount of money in order to have "protection from the courthouse." Subsequently, co-defendant Miracle visited these bootleggers and stated that he was the "bag man." After some negotiations, most of the bootleggers paid Miracle money in order to receive this protection. After several collections were made, Miracle ceased making the calls upon these individuals. However, the defendant promptly appeared, stating that he was the new bag man and continued to collect the protection payments. Testimony offered at trial also disclosed that no threats of force, violence or intimidations were used by the defendant. Nor did the defendant ever state or intimate that he was a public official. The same pattern was followed, more or less, with each of the bootleg operators.

On March 11, 1981, the jury returned a verdict of guilty on five of the substantive counts. Sentencing occurred on that same day. It is from these convictions that the defendant now appeals.

On appeal, the defendant argues that his conviction cannot be sustained under the indictment issued by the grand jury. He asserts that the indictment specifically charged him with a particular type of extortion, to wit, that induced by the "wrongful use of fear under the color of official right." Further, he urges that this phrase is not equivalent to one charging him with extortion by means of the use of fear of economic loss, and he submits that the language used by the indictment can only be read to mean that the defendant was able to extort money from the bootleggers because of their apprehension that the defendant was acting under color of official

right. Thus, defendant maintains that the submission of this case to the jury, when there was no proof that he was, or implied that he was, a public official or acting on behalf of a public official, effectively destroyed his right to be tried only on charges that were set forth in the indictment. Accordingly, he asks this Court to reverse his convictions because they rest upon a constructively amended indictment.

An amendment to an indictment occurs when there is an alteration, literal or in effect, in its terms. *United States v. Beeler*, 587 F.2d 340, 342 (6th Cir. 1979), *cert. denied*, 454 U.S. 860, 102 S.Ct. 315, 70 L.Ed.2d 158 (1981). Such amendments are deemed prejudicial per se and a conviction resting upon such an amended indictment must be reversed. 587 F.2d at 342. One of the purposes behind such a rule is to provide sufficient notice to the defendant of the charges he faces at trial so that he may prepare an adequate defense. *Id.* Thus, the issue before this Court is whether the indictment as drafted sufficiently advised the defendant that he was charged with obtaining property by use of fear and/or under color of official right. We conclude that the indictment did provide adequate notice.

It should be noted that the defendant's contention concerning the indictment was not raised until just prior to the opening of the government's case. A bill of particulars was not sought by the defendant at any time prior to trial. Under such circumstances, unless the defendant can show prejudice, a conviction will not be reversed if the indictment challenged can be construed to charge the crime upon which the conviction was rendered. *United States v. Hart*, 640 F.2d 856, 857 (6th Cir.), *cert. denied*, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981); *United States v. Thompson*, 356 F.2d 216, 225–26 (2d Cir. 1965), *cert. denied*, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966). The indictment under consideration is capable of such a construction.

In *United States v. Harding*, 563 F.2d 299, 305 (6th Cir. 1977), *cert. denied*, 434 U.S. 1062, 98 S.Ct. 1235, 55 L.Ed.2d 762 (1978), this Court held that a Hobbs Act conviction is sustainable upon a finding that the property was unlawfully obtained (1) under color of official right or (2) through the use of force, duress or fear.[2] Thus, the statute is to be read disjunctively. The use of the phrase "use of fear under color of official right" would be redundant since a conviction does not require the coexistence of both elements. As stated by this Court in *United States v. Butler*, 618 F.2d 411 (6th Cir.), *cert. denied*, 447 U.S. 927, 100 S.Ct. 3024, 65 L.Ed.2d 1121 (1980):

> The "coercive" element on the part of the official and the "duress" or "fear" element on the part of the "victim" are *implied* from the public official's position of authority over the victim.

618 F.2d at 418 (emphasis added); *see also, Harding, supra* at 305. Accordingly, a conjunctive interpretation of the indictment's language would, in effect, compel the government to establish an element unnecessary to a conviction. We decline to give the indictment such a meaning.

Further, we note that each of the substantive counts of the indictment made reference to the statute and that, while the indictment may be inartfully drafted, such a reference to the statute, in conjunction with the language of the indictment, was sufficient to charge the crime upon which the defendant was convicted. *See United States v. Hart, supra* at 858. Finally, we also observe that the conspiracy count alleged that the defendant had conspired to obtain the property by "use of fear and under color of authority." Finding no prejudice to the defendant[3] and given all the circumstances of this case, we hold that the omission of the word "and" in the substantive counts did not constitute an alteration to the government's theory. To conclude

2. Fear of economic loss is sufficient to sustain a Hobbs Act conviction. *United States v. Cusmano*, 659 F.2d 714 (6th Cir. 1981).

3. The defendant has admitted receiving the payments and that interstate commerce was

differently would be to draw an overly technical distinction. The defendant had adequate notice of the charges before him and the evidence presented at trial provides a sufficient base upon which the conviction may be sustained.

Accordingly, the judgment of the district court is AFFIRMED.

affected. Further, at oral argument, counsel for the defendant conceded that there had been sufficient proof of economic loss to sustain a conviction.