**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adam B. KNIGHT, Defendant–**
**Appellant.**

No. 01–6391.

United States Court of Appeals,
Sixth Circuit.

May 9, 2003.

Before: MARTIN, Chief Circuit Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District

ROGERS, Circuit Judge.

Defendant, Adam B. Knight, appeals the sentence on his guilty plea, entered pursuant to a plea agreement, to knowingly distributing Lysergic Acid Diethylamide (LSD), aided and abetted by a co-defendant, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He asserts that the decisions in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as well as the later Sixth Circuit decisions in *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001), and *United States v. Strayhorn*, 250 F.3d 462 (6th Cir.2001), render the indictment defective because it failed to allege the drug quantity that the district court relied upon during sentencing. Knight claims that the sentence was therefore imposed for a crime for which he had neither been charged nor found guilty beyond a reasonable doubt. The Supreme Court's recent opinion in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), shows that these contentions are not well founded, and we therefore AFFIRM.

## I. BACKGROUND

On December 22, 1999, Knight, and a co-defendant, Kevin W. Vanover, distributed to an undercover police officer 1.3 grams, or 162.5 dosage units, of LSD, for which they were to receive one pound of marijuana. Following an arrest, police officers found in Knight's possession a Glock 9mm pistol.

An indictment containing four counts was returned against Knight and Vanover on May 2, 2000, charging Knight in Counts One, Two, and Four.[1] Count One of the indictment, the count concerning the distribution of LSD, did not include a specific amount of that drug. Knight was arraigned on June 20, 2000, and he entered pleas of not guilty to all counts. During the arraignment the district court advised Knight that he faced a mandatory minimum sentence of five years and up to 40 years of imprisonment if convicted under 21 U.S.C. § 841(b)(1)(B) on Count One of the indictment.

The United States entered into a plea agreement with Knight on February 5, 2001. In this agreement Knight agreed to plead guilty to Counts One and Four of the indictment, and the United States agreed to dismiss Count Two with regard to Knight. The Plea Agreement set forth the penalties applicable to these Counts as follows:

The maximum penalty to which the defendant will be exposed by virtue of his guilty plea on Count One is a minimum mandatory term of five to forty (5–40) years of imprisonment, a fine of up to $2,000,000, at least three (3) years to life of supervised release, and a mandatory $100 special assessment. The maximum penalty to which the defendant will be exposed by virtue of his guilty plea on Count Four of the Indictment is a mandatory consecutive term of five (5) years of imprisonment, a $250,000 fine, up to three (3) years of supervised release,

of Michigan, sitting by designation.

1. Count One of the Indictment, the only Count pertinent to this appeal, reads as follows:

 *Count One*

 The Grand Jury charges that on or about December 22, 1999, within the Eastern District of Tennessee, the defendants, KEVIN W. VANOVER and ADAM B. KNIGHT, each aided and abetted by the other, did willfully, knowingly, and without authority distribute lysergic acid diethylamide, also know as "LSD," a Schedule I controlled substance. [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and 18 U.S.C. § 2]

and a mandatory $100 special assessment.

During the change of plea hearing that followed, the district court advised Knight of the penalties he faced under the Plea Agreement, and Knight acknowledged on the record that he understood that a minimum mandatory term of imprisonment of five years and a potential term of imprisonment of up to forty years applied to Count One, and that a mandatory consecutive term of imprisonment of five years applied to Count Four. Nevertheless, Knight went forward with the Plea Agreement.

On March 16, 2001, the Presentence Report ("PSR") was released to both parties. The PSR recommended a minimum mandatory sentence of five years as to Count One of the indictment. Knight objected to that recommendation, arguing that *Apprendi* required that the threshold amount of LSD must be charged in the indictment in order to sentence under § 841(b)(1)(B), and that when no specific amount of drugs was charged he could only be sentenced under § 841(b)(1)(C), the default provision in the statute.[2]

The district court overruled the defendant's objections based on the indictment. Following a second sentencing hearing, the district court imposed the mandatory minimum term of imprisonment of five years under Count One and a consecutive five years as to Count Four. Knight then appealed in a timely manner.

## II. ANALYSIS

Knight objected to his sentence in the court below, preserving this issue for appeal, and there is no question of fact in this case. In sentencing challenges, we review legal issues *de novo*. *See United States v. Harper*, 246 F.3d 520, 525 (6th Cir.2001); *United States v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir.1993).

Knight challenges his sentence on the grounds that the indictment failed to allege any particular amount of LSD. He argues that the holding in *Apprendi* mandates that he can be sentenced only under § 841(b)(1)(C), the default provision in the statute that applies when no amount of drugs is specified. Knight argues the quantity of LSD is a necessary element of the offense that must be charged in the indictment, because the statutory sentencing range for distribution of one gram or more of LSD, five to forty years, is an increased penalty over that for the distribution of an unspecified amount of LSD, which is zero to twenty years. Therefore, Knight argues that he must be re-sentenced according to the lower range of penalties for an unspecified amount of LSD. We reject the defendant's challenge.

■ We note preliminarily that even though the indictment failed to include a specific drug amount, the indictment did cite § 841(b)(1)(B), the section of the United States Code that provides for stiffer penalties where a quantity of LSD in excess of 1 gram is involved in the offense. As we have previously held, reference to the appropriate section of the statute provides sufficient notice to the defendant of the charged offense to meet constitutional standards. *See United States v. Martinez*, 981 F.2d 867, 871–72 (6th Cir.1992); *United States v. Burkhart*, 682 F.2d 589, 592 (6th Cir.1982). Moreover, even if the indictment had not provided adequate notice to the defendant, *Apprendi* is inapplicable in situations such as in this case where the defendant has entered into a plea agree-

---

**2.** § 841(b)(1)(B) provides for sentences of not less than 5 years or more than 40 years for distribution of 1 gram or more of LSD;

§ 841(b)(1)(C) provides for sentences of not more than 20 years for an unspecified quantity of LSD.

ment and, as the factual basis for that agreement, stipulated to the amount of drugs involved in the offense. *See Harper,* 246 F.3d at 530–31; *United States v. Garcia,* 252 F.3d 838, 843–44 (6th Cir.2001).

 Even if we were to assume that the entering of a guilty plea accompanied by a stipulation to drug quantity does not cure an allegedly insufficient indictment, *Apprendi* concerns are not implicated when the defendant was sentenced within the penalty range appropriate to the facts that were contained in the indictment. Knight relies on two Sixth Circuit cases, *United States v. Ramirez,* 242 F.3d 348 (6th Cir. 2001), and *United States v. Strayhorn,* 250 F.3d 462 (6th Cir.2001), to assert that *Apprendi* extends to situations in which a mandatory minimum sentence is based on the facts that were not alleged in the indictment, even though the defendant has been sentenced to a term below the statutory maximum for the offense as charged. In the present case, Knight was sentenced below the statutory maximum of twenty years for distributing an unspecified amount of LSD, *see* 21 U.S.C. § 841(b)(1)(C), but his 10 year sentence includes a 5–year mandatory minimum imposed under § 841(b)(1)(B) due to the amount of drugs involved in his offense, though not alleged in his indictment. Therefore, under *Ramirez'* s interpretation of *Apprendi,* we would need to reverse Knight's sentence and remand for re-sentencing.

However, during the pendency of this appeal, the Supreme Court decided the case of *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). In *Harris,* the Court held that an earlier case, *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), still stood after *Apprendi. McMillan* had upheld a statute that increased the minimum penalty for an offense, though not beyond the statutory maximum, when the sentencing judge had determined, by a preponderance of the evidence, that the defendant had possessed a firearm. In *Harris,* a plurality of the Supreme Court held that

> [r]ead together, *McMillan* and *Apprendi* mean that those facts setting the outer limits of a sentence, and of the judicial power to impose it, are the elements of the crime for the purposes of the constitutional analysis. Within the range authorized by the jury's verdict, however, the political system may channel judicial discretion—and rely upon judicial expertise—by requiring defendants to serve minimum terms after judges make certain factual findings.

122 S.Ct. at 2419. The plurality stated flatly that

> the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries—and without contradicting *Apprendi.*

122 S.Ct. at 2418. Justice Breyer, concurring, joined the opinion of the plurality "to the extent that it holds that *Apprendi* does not apply to mandatory minimums." 122 S.Ct. at 2421. The Supreme Court has thus made clear that *Apprendi* only applies if the actual sentence imposed exceeds the statutory maximum for the offense that was charged in the indictment and proven beyond a reasonable doubt.

Following the Supreme Court's decision in *Harris,* we have held that "*Ramirez,*

*Strayhorn* and all other cases before this Circuit in which we have held that *Apprendi* applies to mandatory minimum sentences, are overruled to the extent they conflict with *Harris* and this opinion." *United States v. Leachman,* 309 F.3d 377, 383 (6th Cir.2002). Thus, the very cases that Knight relies on have been overruled. It is now clear that a judge, in imposing a sentence, may consider the amount of drugs involved so long as this does not raise the sentence beyond the statutory maximum. This is true even where a specific drug quantity was not included in the indictment, and regardless of whether the drug quantity results in a mandatory or an increased mandatory minimum sentence.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.