File Name: 11a0813n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 10-5149

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ANTONIO B. GAINES,

     Defendant-Appellant.

FILED

*Dec 06, 2011*

LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

                                                      /

Before:      MARTIN, GUY, and GRIFFIN, Circuit Judges.

       BOYCE F. MARTIN, JR., Circuit Judge.  Law enforcement officers searched a hotel room

occupied by Antonio Gaines and a co-defendant on March 28, 2009.  The officers seized evidence

in the search, including 149.2 grams of a substance suspected to contain heroin.  As a result of the

search and seizure, Gaines and his co-defendant were charged in a four-count indictment on June

9.  Count Three of the indictment, the only Count at issue in this appeal, charged Gaines under 21

U.S.C. § 841(a)(1) and (b)(1)(B) with "possession with the intent to distribute one hundred grams

or more of a mixture and substance containing a detectable amount of heroin."  After the grand jury

returned the indictment, Drug Enforcement Administration laboratory results revealed that the 149.2

grams of seized substance submitted for analysis contained only 7.1 grams of heroin.  Based on the

lab results, the government moved to change the indictment as to Count Three to "possession with

the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin." The district court granted the motion. Gaines did not object to the motion and did not object at trial when the jury was instructed according to the changed indictment.

Gaines appeals his conviction under Count Three and argues that the change to the indictment is an impermissible amendment warranting reversal of his conviction. For the reasons that follow, we **AFFIRM** the decision of the district court.

I.

"An amendment to an indictment occurs when there is an alteration, literal or in effect, in its terms. Such amendments are deemed prejudicial per se and a conviction resting upon such an amended indictment must be reversed." *United States v. Burkhart*, 682 F.2d 589, 591 (6th Cir. 1982) (citing *United States v. Beeler*, 587 F.2d 340 (6th Cir. 1979)). Ordinarily, this Court reviews de novo whether a change to an indictment is an amendment or a variance. *United States v. Prince*, 214 F.3d 740, 756 (6th Cir. 2000). Gaines argues, without support beyond a citation to *Prince*, that de novo review is the proper standard. However, Gaines failed to object to the change to the indictment in district court. This Court reviews for plain error where an objection has not been raised in the district court's proceedings. Fed. R. Crim. P. 52(b); *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (citations omitted). This Court has held that where a defendant has failed to object to an alleged constructive amendment, the Court will review for plain error. *See, e.g.*, *United States v. Beasley*, 583 F.3d 384, 389 (6th Cir. 2009); *United States v. Budd*, 496 F.3d 517, 528 (6th Cir. 2007). Plain error review is appropriate here for the same reason that it is appropriate in the case of an alleged constructive amendment—a constructive amendment is as grave an offense against a

defendant's Fifth Amendment rights as is an amendment. As this Court has stated, "[a] constructive amendment . . . is 'a variance that is accorded the per se prejudicial treatment of an amendment,' because, like an actual amendment, it infringes upon the Fifth Amendment's grand jury guarantee." *United States v. Chilingirian*, 280 F.3d 704, 712 (6th Cir. 2002) (quoting *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989)).

Under plain error review, "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson*, 520 U.S. at 466-67 (citation omitted). The phrase "affects substantial rights" means "in most cases . . . that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993) (citations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson*, 520 U.S. at 467 (citation omitted).

## II.

We do not reach the question of whether the change in Gaines's indictment is an amendment because, under the plain error standard, this Court must find an error that affects "substantial rights," which this alleged error does not. Here, had the indictment not been changed, Gaines could still have "be[en] found guilty of . . . an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c)(1); *see United States v. Martinez*, 430 F.3d 317, 340 (6th Cir. 2005). This Court has held that "convict[ion] of a lesser-included offense . . . is perfectly appropriate under Federal Rule of Criminal Procedure 31." *United States v. Solorio*, 337 F.3d 580, 590 (6th Cir. 2003). To his

benefit, as a result of the change, he could no longer be convicted of the greater offense of "possession with the intent to distribute one hundred grams or more of a mixture and substance containing a detectable amount of heroin." We find that the change to the indictment did not affect Gaines's substantial rights.

For these reasons we **AFFIRM** the decision of the district court.