

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2003

# USA v. Cartagena

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2733

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Cartagena" (2003). *2003 Decisions.* Paper 493.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/493

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2733

UNITED STATES OF AMERICA

v.

RUDY RAFAEL JAVIER-CARTAGENA,
a/k/a FRANCISCO CRUZ

Rudy Rafael Javier-Cartagena,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 00-cr-00649-3
(Honorable William H. Yohn, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2003

Before: SCIRICA, Chief Judge, NYGAARD and BECKER, Circuit Judges

(Filed: May 29, 2003)

OPINION OF THE COURT

SCIRICA, <u>Chief</u> <u>Judge</u>.

This is a sentencing appeal. Defendant Javier-Cartagena pled guilty without a plea agreement to conspiracy, 21 U.S.C. § 846, and distribution of heroin within 1,000 feet of a school, 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 2. Defendant contends the government failed to show "good cause" for its failure to timely object to the drug quantity set forth in the Presentence Investigative Report. As a result, defendant contends, the District Court erroneously permitted the government to present evidence of drug quantity at the sentencing hearing.

I.

The probation office submitted a presentence report on May 5, 2001, attributing between 400 and 700 grams of heroin to the defendant. The government failed to submit written objections to the report within 14 days under Fed. R. Crim. P. 32(b)(6)(B). At the sentencing hearing on June 5, 2001, the government produced evidence (in the form of testimony by a co-conspirator, Ramon Fana) to establish the amount of heroin attributable to the defendant was substantially higher—up to 22 grams of heroin per day, not per week, as set forth in the PSI. After defendant objected, the District Court continued the hearing until June 15, to allow the parties to submit letter briefs on the proposed receipt of the government's additional evidence.[1] On June 15, the court denied

_____

[1]The court also ordered the probation department to submit a revised presentence report using the higher kilogram amount.

2

Javier-Cartagena's request to limit the amount of attributable heroin to 700 grams, the amount stated in the May 5 presentence report, and sentenced him to 78 months incarceration, eight years supervised release, and a special assessment of $200.

## II.

Under Fed. R. Crim. P. 32 the District Court has discretion to hear objections raised for the first time on the date of sentencing. Rule 32(b)(6)(B) provides that "[w]ithin 14 days after receiving the presentence report, the parties shall communicate in writing to the probation officer, and to each other, any objections to any material information, sentencing classification, sentencing guideline ranges . . . ." But Rule 32(b)(6)(D) provides that "[f]or good cause shown, the court may allow a new objection to be raised at any time before imposing sentence."

"Good cause" is not defined by Rule 32. Generally, for purposes of Rule 32, good cause is an express, good faith explanation for the delay, or when failure to consider the objection may result in an erroneous sentence.

## III.

In this case, good cause was demonstrated. Precluding the government's objection would have resulted in an erroneous quantity of heroin and an erroneous sentence. Furthermore, defendant was on notice as of February 20, 2001, that the quantity of heroin was unresolved and that the government intended to present additional evidence on the date of sentencing.

As the District Court noted:

> It seems to the court that, as a result of that, and the fact that the parties all knew, in particular, the defendant, from the very beginning that there would need to be a hearing or an agreement with reference to the amount of drug quantities, that there was hearing with notice, and that there is, therefore, no prejudice to the defendant as a result of the failure of the government to file these objections on a timely basis—and further, I frankly have granted the right to file untimely objections to I guess what I would call an untold number of defendants in the last ten years, since some defense lawyers seem to make a practice of not filing any till the time of the sentencing hearing. And so it seems to me that there is ample good cause for me to allow the government to take the position that it did, and to raise the issue after 14 days subsequent to the receipt of the presentence report.

Because defendant had notice and an opportunity to be heard, and because refusal to hear the government's objection would have resulted in an erroneous sentence, there was good cause for the court to exercise its discretion in hearing the government's objection.

IV.

As noted, the initial presentence report calculated the relevant amounts of heroin between 400 and 700 grams. But the testimony provided by Ramon Fana at the June 5 sentencing hearing clearly established that the amounts were significantly higher. Based on the evidence, the District Court attributed 2.5 kilograms of heroin to each defendant, increasing Javier-Cartagena's exposure under the sentencing guidelines.

As noted, at the June 15 sentencing hearing, the District Court was willing to afford the defendant and his counsel, Thomas Quinn, additional time to contest the proffered evidence: "However, if, Mr. Quinn, for any reason you need additional time

4

for any purpose in connection with this, that you feel was—is necessitated by the fact that there is such a finding, or that there was the prior hearing, I would certainly give that to you." Mr. Quinn's response was, "I don't think there would be any purpose served to delay the proceedings before your honor."

In this case, defendant was afforded an opportunity to comment before the District Court imposed its sentence. In effect, the court recreated the opportunity that defendant lost due to the belated filing of the government's objection. The purpose of Rule 32 is to allow a defendant to rebut or explain the contents of presentence reports. The court properly granted the defendant additional time not only to challenge the court's ruling, but also to challenge the revised presentence report dated June 14, 2001. On June 15, Javier-Cartagena declined the court's invitation for a continuance or additional argument.

The District Court would have imposed the same sentence even if the government's objection had been timely. Defendant was not prejudiced by the timing of the government's evidentiary presentation. For these reasons, defendant was not prejudiced by the District Court's receipt of additional evidence. We see no abuse of discretion.

V.

For these reasons we will affirm the judgment of conviction and sentence.

5

_____

TO THE CLERK:

      Please file the foregoing opinion.


                           /s/ Anthony J. Scirica
                                   Chief Judge