**UNITED STATES of America,**

v.

**Juan Javier CARTAGENA, a/k/a, Orlando Yorro Bermudez, Appellant.**

**No. 01–2713.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 14, 2003.

Decided Oct. 22, 2003.

Walter S. Batty, Jr., John Minges, Daniel A. Velez, Office of United States Attorney, Philadelphia, PA, for Appellee.

Before SLOVITER, ROTH, and CHERTOFF, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

Juan Javier Cartagena, a/k/a Orlando Yorro Bermudez, appeals from the judgment of sentence imposed by the District Court following Cartagena's guilty plea to conspiracy to distribute heroin under 21 U.S.C. § 846, distribution of heroin under 21 U.S.C. § 841(a)(1), distribution of heroin within 1,000 feet of a school under 21 U.S.C. § 860, and aiding and abetting under 18 U.S.C. § 2. Counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel stated there are no non-frivolous issues to appeal. Under *Anders,* if, after review of the record and conscientious investigation, counsel is convinced that an appeal would present no issue of arguable merit, counsel may move to withdraw but must submit a brief referencing those matters that may be appealable. *Id.* at 744, 87 S.Ct. 1396. Counsel for Cartagena did so, and Cartagena submitted a *pro se* brief and reply brief. We have jurisdiction pursuant to 18 U.S.C. § 3742 to review the sentence imposed on Cartegena.

### II.

Because this is written solely for the parties, a detailed recitation of the facts is

unnecessary and the discussion is limited to those facts necessary to resolve the issues presented.

Cartagena engaged in five separate narcotics transactions with a DEA cooperating witness from May through July of 2000. He was arrested by federal and local law enforcement officers present at a pre-arranged transaction and subsequently pled guilty to six counts in the indictment charging distribution of and conspiracy to distribute and distribution of 867 grams of heroin within 1,000 feet of a school. Thereafter, the Probation Office prepared the presentence report ("PSI") which calculated the sentencing base offense level at 34, subtracted three points for Cartagena's acceptance of responsibility, added four points for Cartagena's role as a conspiracy leader and set the final level at 35. This, with Cartagena's Criminal History Category of I, set the sentencing level at 168–210 months.

At the pre-sentence hearing to assess the quantity of drugs attributable to Cartagena's conduct, the Government produced a witness who testified that Cartagena was responsible for a greater quantity of heroin than that set forth in the PSI. However, the Government had failed to submit its objection to the PSI within the 14 days required by Fed.R.Crim.P. 32(b)(6)(B), as applicable at that time. Following a continuance that enabled Cartegena to file letter briefs on the Government's untimely objection, the District Court determined that Cartegena and his co-conspirators were each responsible for distributing 2.5 kilograms of heroin from January to June. The court sentenced Cartagena to 169 months of incarceration.

### III.

Where an unconditional guilty plea is entered, appellate relief is generally limited to claims that: (1) the district court lacked jurisdiction to accept the plea; (2) the plea was invalid; and (3) the sentence is illegal. *See United States. v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). In his *Anders* brief, counsel for Cartagena submits that any such claim is frivolous here. We are satisfied that counsel's conclusions in its *Anders* brief are based on a "conscientious examination" of the record and informed by the relevant law. Cartagena challenges the legality of the sentence.

■ First, Cartagena argues that the District Court abused its discretion by permitting the Government's untimely objection to the PSI's finding of the amount of heroin. However, in *United States v. Campbell,* 295 F.3d 398, 406 (3d Cir.2002), discussing Fed.R.Crim.P. 32(b)(6)(D), we noted that "the court may allow new objections to be raised at any time before imposing sentence if good cause is shown." In a related case, we defined "good cause" as "an express, good faith explanation for the delay, or when failure to consider the objection may result in an erroneous sentence." *United States v. Javier–Cartagena,* 68 Fed.Appx. 298, 299 (3d Cir.2003). The District Court here determined that the Government's objection had "just cause." App. at 140. Although Cartagena argues that he was deprived of the opportunity to challenge the belated Government objection, the District Court permitted further briefing as to the relevant quantity of drugs, and provided Cartagena the option to seek a continuance for that purpose.

■ Second, Cartagena argues that his right to due process was violated when the Government failed to provide notice of its intention to seek a sentence beyond that recommended by the PSI. We reject his argument because at the plea hearing the Government stated that it would be able to prove that Cartagena was responsible for a greater quantity of heroin as was charged

in the indictment. App. at 27. Thus, Cartagena was on notice of the Government's intention.

 Finally, Cartagena argues that the sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He contends that the facts submitted by the Government after the indictment but before the sentencing increased the incarceration beyond the statutory maximum and should have been submitted to a jury and proved beyond a reasonable doubt. This argument is frivolous. There was no *Apprendi* violation. Where the sentence imposed was under the applicable statutory maximum, *Apprendi* is not triggered. *United States v. Williams*, 235 F.3d 858 (3d Cir.2000). Distribution of 100 grams or greater of heroin, to which Cartagena admitted in his plea, carries a maximum penalty of 40 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Cartagena was sentenced to a lesser amount.

The cases relied on by Cartagena, *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001), and *United States v. Strayhorn*, 250 F.3d 462 (6th Cir.2001), were overturned by the same court, *see United States v. Leachman*, 309 F.3d 377 (6th Cir.2002), to comport with *Apprendi*'s teaching that "any fact (other than prior conviction) that increases the *maximum penalty* for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reason doubt," 530 U.S. at 476, 120 S.Ct. 2348 (emphasis added) (internal quotation omitted). "Maximum penalty" means the maximum statutory penalty, not the statutory minimum, as Cartagena argues. *Jones v. United States*, 526 U.S. 227, 243 & n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

IV.

Inasmuch as there was no showing of error affecting Cartagena's substantial rights, such that the "fairness, integrity, or public reputation of judicial proceedings" have been seriously affected, *United States v. Cotton*, 535 U.S. 625, 632–33, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), we will not overturn the District Court's decision to permit the Government's belated objection to the PSI and to sentence Cartagena based on a quantity greater than that specified in the indictment. Because there are no non-frivolous issues for appeal, we will affirm the judgment of sentence and grant counsel's motion to withdraw.